USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/27/12

RECEIVED
SEP 26 2012
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

September 26, 2012

**A. John P. Mancini**
Direct Tel +1 212 506 2295
Direct Fax +1 212 849 5895
jmancini@mayerbrown.com

BY HAND

The Honorable John G. Koeltl
United States District Judge
United States District Court for the
  Southern District of New York
The Daniel Patrick Moynihan Federal Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Blagman v. Apple Inc. et al.*, 12 Civ. 5453 (JGK)

Dear Judge Koeltl:

*[Handwritten note: The pre-motion conference can proceed at the 10/2/12 conference. So ordered. JGK 9/26/12 U.S.D.J.]*

On behalf of Defendant Google Inc., which is represented by the undersigned, as well as Defendants Amazon.com, Inc., Apple Inc., eMusic.com Inc., Microsoft Corporation, The Orchard Enterprises, Inc. and Orchard Enterprises NY, Inc., which are represented by Kenneth Steinthal of Greenberg Traurig, LLP, and which join in this letter (collectively "Defendants"), we respectfully request a pre-motion conference in the above-referenced case, pursuant to Your Honor's Individual Rules of Practice §2(A). Defendants have advised Plaintiff of their intention to request a pre-motion conference and, with the Court's permission, the parties agree that the conference can be held at the same time as the Initial Case Management Conference scheduled for October 2, 2012.

For the reasons set forth below, Defendants intend to file a motion to dismiss Plaintiff's complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief may be granted.[1] As *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) make clear, Plaintiff is required by Rule 8 to plead specific facts that state a plausible claim to relief, once conclusions and naked assertions devoid of factual enhancement have been disregarded. Plaintiff's Complaint here – while discursive on the general topic of the digital music industry – is sorely lacking in specific

---

[1] Defendants also intend to file a motion to strike the class allegations under Federal Rule of Civil Procedure 12(f), because, among other defects readily apparent from the Complaint itself, the proposed class is not ascertainable by reference to objective criteria (since it is a "fail-safe" class of plaintiffs who can only be deemed to be part of the class based on a merits determination regarding infringement), and common issues do not predominate over the many individualized issues concerning every aspect of ownership, distribution, and licensing of the copyrighted works potentially at issue. We understand that Your Honor does not require a pre-motion conference with respect to this type of motion, and thus we reserve these arguments for full briefing.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Hon. John G. Koeltl
September 26, 2012
Page 2

factual allegations, thus rendering his copyright infringement claim against Defendants nothing more than pure speculation. Accordingly, the Complaint should be dismissed.

### I.  Rule 8 Demands Specific Allegations Establishing a Plausible Claim to Relief

As the Supreme Court clarified in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. A pleading that offers "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557, 663). These principles apply with particular force to copyright infringement claims, because "[c]opyright infringement, like anti-trust actions, lends itself readily to abusive litigation . . . . Therefore, greater particularity in pleading, through showing 'plausible grounds,' is required.". *Nat. Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 Fed. Appx. 509, 512 (6th Cir. 2008). As a result, this Court routinely dismisses copyright claims which fail to satisfy the pleading standards articulated in *Twombly* and *Iqbal*. *See, e.g., Ritani, LLC v. Aghjayan*, No. 11 CIV. 8928, 2012 WL 2979058, at *12 (S.D.N.Y. July 20, 2012); *Laine v. Pride*, No. 09 CV 3057(HB), 2010 WL 199927, at *6 (S.D.N.Y. Jan. 19, 2010). Indeed, this Court has not hesitated to dismiss "broad, sweeping allegations" of copyright infringement as failing to comply with Rule 8 even under the old *Conley* "no set of facts" standard. *See, e.g., Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt.*, No. 99 CIV 10656 JGK (S.D.N.Y. July 19, 2000) (Koeltl, J.); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000).

### II.  Plaintiff Has Not Sufficiently Stated a Claim for Copyright Infringement Against Defendants

In order to properly state a claim for copyright infringement, a claimant must allege: "(1) which specific works are the subject of the claim, (2) that the plaintiff owns the copyrights in these works, (3) that the copyrights in question have been registered in compliance with the Copyright Act, and (4) by what acts and during what time the defendant infringed the copyright." *Laine*, 2010 WL 199927, at *6. These required elements have not been adequately alleged.

#### A.  Plaintiff Has Not Sufficiently Alleged the Required Ownership Interest Here

As an initial matter, Plaintiff fails to sufficiently allege that his permission or authority for Defendants to reproduce and distribute his copyrighted composition is even necessary. Plaintiff asserts that he is the "legal and/or beneficial owner of numerous original musical compositions," including the composition at issue. But he fails to mention that, as evidenced by the copyright registration and his own "List of Infringed Works," Gianni C. Bross is also an owner of the composition at issue, as a co-author. Co-authors of copyrighted works are joint-owners (17 U.S.C. § 201(a)), and are considered "tenants in common, with each owning an undivided interest in the entire copyright, and [ ] each owner is entitled to all of the exclusive rights held by copyright owners, including the right to issue non-exclusive licenses of the work." *Downey v. Downey*, Civil No. 09–634–MRB–JGW, 2010 WL 3781715, at *2 (S.D. Ohio Aug

26, 2010). Plaintiff states that he "owns and controls the exclusive copyrights in his musical works" (Compl. ¶ 6), but it is impossible to decipher what he means. A copyright itself is not "exclusive" or "non-exclusive," and to the extent that Plaintiff is trying to allege that he has exclusive rights to the copyrighted compositions, that exclusivity is directly contradicted by the evidence of joint-authorship in the copyright registration and Plaintiff's own admission in Exhibit B that Gianni C. Bross is a "copyright owner" of the composition at issue. (*Id.* Ex. B.) Accordingly, if Bross granted a license to Defendants (directly or indirectly), or if Defendants (or anyone else involved in the alleged sale and distribution process, as discussed below) otherwise obtained a mechanical license to the asserted composition, Plaintiff would have no right to relief. *See, e.g., Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007) ("A co-owner may grant a non-exclusive license to use the work unilaterally," and a valid license "immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor."). By failing to address Bross's co-ownership, Plaintiff has failed to sufficiently allege the facts required to establish the requisite copyright ownership in this case. For this reason alone the complaint should be dismissed.

  B.  <u>Plaintiff's Generalized and Conclusory Assertions of
Industry-Wide Infringement Fail to State a Plausible Claim for Relief</u>

Even putting aside the Complaint's deficiencies regarding ownership, the Complaint is also inadequate regarding infringement. Instead of identifying with specificity any actions of Defendants that have purportedly infringed a particular copyright that he owns, Plaintiff attempts to indict the entire digital music industry for "massive and systematic infringement," with broad accusations that "None of the Defendants [ ] are meeting their statutory obligation to obtain mechanical licenses for all of the digital musical compositions they reproduce, distribute, and sell online." (Compl. ¶ 12.) Plaintiff further accuses Defendants of "willfully ignor[ing] their statutory obligations to obtain a license before reproducing and distributing copyrighted musical compositions." (*Id.* ¶ 53.) These generalized and conclusory criticisms of a purported industry-wide failure to comply with federal law plainly do not contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). *See, e.g., N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.*, No. 08 Civ. 5310(DAB), 2011 WL 1338195, at *10 (S.D.N.Y. Mar. 31, 2011).

Plaintiff broadly asserts that Defendants infringe his copyright by "reproduc[ing] and distribut[ing] Plaintiff's copyrighted compositions without Plaintiff's permission or authority and without Defendants obtaining a mechanical license and without providing proper notice under Section 115 of the Copyright Act." (Compl. ¶ 88.) This is exactly the type of "naked assertion" that does not satisfy Rule 8. The Complaint is devoid of any specific allegation that *neither* Plaintiff nor co-owner Bross received notice of intention to distribute a phonorecord containing the Plaintiff's musical composition. At most, Plaintiff alleges that *Defendants* failed to provide "proper notice" to *him*. *Id*. Whether notice is "proper" under Section 115 of the Copyright Act, however, is a legal conclusion, not a factual allegation. Nowhere does Plaintiff state what he

Hon. John G. Koeltl
September 26, 2012
Page 4

believes Defendants were required to do, but did not do, in order to obtain a mechanical license with respect to *Jazz is His Old Lady and My Old Man*.

Nor do Plaintiff's allegations regarding The Orchard support his claim. Plaintiff asserts that "Orchard admittedly does not obtain the required mechanical licenses for all the music it distributes," citing The Orchard's 10-K filing for 2009, which states: "We *could* be liable for unpaid mechanical royalty obligations . . . *if* our label clients fail to license and/or pay mechanical copyright royalties owed or *if* where contractually obligated to do so, we fail to properly license and/or pay mechanical royalties . . . ." (Compl. ¶ 85 [emphasis added].) All this SEC filing reveals is that that *if* The Orchard or its record-label clients breach the contracts they have in place, it *could possibly* be liable for copyright infringement—and that such liability could cause financial impact to the company.[2] But this only imagines a "conceivable" act of infringement, not a "plausible" act. *Twombly*, 550 U.S. at 570.

Moreover, by its reference to The Orchard's label clients' contractual obligations to secure and to pay for mechanical royalties, the quoted 10-K language directly refutes one predicate for Plaintiff's claims—*i.e.*, that "the administrative and licensing functions traditionally performed by the major labels has fallen to the digital music retailers and aggregators such as the Defendants." (*See* Compl. ¶¶ 55-56.) Critically, nowhere does Plaintiff allege that the labels which recorded *Jazz is His Old Lady and My Old Man* failed to secure the required mechanical licenses. The Complaint simply is devoid of any allegation that *no one* (as opposed to no Defendant) secured the required mechanical licenses associated with Defendants' alleged reproduction and distribution of the asserted composition.

C.  Plaintiff Makes No Allegations of Willful Copyright Infringement

Lastly, Plaintiff asserts that Defendants' infringement is "willful, intentional, purposeful, and [in] willful disregard of the rights of Plaintiff and the Class." Compl. ¶ 101. Once again, Plaintiff fails to allege any facts that support this legal conclusion. Willful copyright infringement can only be established where the plaintiff shows (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software & Computer Serv., Inc., v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Plaintiff does not identify anywhere in the Complaint what allegations are meant to support his claim of willfulness, and whether he is asserting willfulness based on actual knowledge or "reckless disregard." At most, Plaintiff speculates that "the Retailer Defendants accept virtually every recording delivered to them, without qualification, by digital music aggregators." (Compl. ¶ 59.) The theoretical leap from that speculative allegation to a factual basis for Defendants' "reckless disregard" of Plaintiff's copyright is far too great, particularly given the quoted language from

---

[2] Moreover, at least with respect to Google, The Orchard's securities filing quoted in the Complaint was made two years before Google launched its Google Play service (*see* Compl. ¶72), making any risk disclosure therein both meaningless and irrelevant.

Hon. John G. Koeltl
September 26, 2012
Page 5

The Orchard's 10K that, consistent with industry practice, The Orchard's record-label clients at least in some instances are contractually required to secure and to pay for mechanical licenses. *See Amini Innovation Corp. v. KTY Int'l MKTG.*, 768 F. Supp. 2d 1049, 1055 (C.D. Cal. 2011) (plaintiff failed to state a claim of willful copyright infringement based on allegation that defendant had access to plaintiff's furniture designs, because that allegation, "while necessary to support a finding of non-willful copyright infringement, is insufficient to satisfy the heightened standard of knowledge or reckless disregard for willful copyright infringement.").

In sum, on behalf of counsel for all Defendants, we respectfully submit that Plaintiff's claim of willful copyright infringement is not sufficiently pled, and therefore the claim should be dismissed.

Respectfully submitted,

*[signature]*

A. John P. Mancini

Counsel for Google, Inc.

cc:   All Counsel of Record (by email)