**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORMAN BLAGMAN, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>     v.<br><br>APPLE INC., AMAZON.COM, INC., GOOGLE INC., MICROSOFT CORPORATION, EMUSIC.COM INC., THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES NY, INC., and John Does 1-10, persons or entities whose identities are unknown to Plaintiff but who have performed and participated in the unlawful acts alleged herein,<br><br>                            Defendants. | Case No. 12-CV-5453 (ALC)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................. 1

    I.    Plaintiff Has Not Stated A Claim For Willful Infringement, And Plaintiff Is Not Entitled To Discovery To Cure This Defect ....................................................... 1

    II.    Plaintiff Cannot State A Claim Or Establish Standing On Behalf Of The Class ........................................................................................................................... 3

    III.    Plaintiff Fails To State A Plausible Claim On His Own Behalf ............................... 5

    IV.    Plaintiff Should Not Be Entitled To Yet Another Amendment ................................ 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amini Innovation Corp. v. KTY Int'l Mktg.*,
    768 F. Supp. 2d 1049 (C.D. Cal. 2011) ...................................................................................2

*Artists Music, Inc. v. Reed Pub. (USA), Inc.*,
    1994 WL 191643 (S.D.N.Y. May 17, 1994) ............................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................1, 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................1, 5

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
    729 F. Supp. 2d 789 (N.D. Tex. 2010) ................................................................................2, 3

*Cass Cnty. Music Co. v. Khalifa*,
    914 F. Supp. 30 (N.D.N.Y.), *aff'd*, 112 F.3d 503 (2d Cir. 1996) .............................................8

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..................................................................................................................1

*Controversy Music v. Down Under Pub Tyler, Inc.*,
    488 F. Supp. 2d 572 (E.D. Tex. 2007) .....................................................................................8

*Cuoco v. Moritsugu*,
    222 F.3d 99 (2d Cir. 2000) ....................................................................................................10

*Day v. Moscow*,
    955 F.2d 807 (2d Cir. 1992) ....................................................................................................9

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) ....................................................................................................4

*EMI Entm't World, Inc. v. Karen Records, Inc.*,
    603 F. Supp. 2d 759 (S.D.N.Y. 2009) .....................................................................................8

*Gradient Enterprises, Inc. v. Skype Technologies S.A.*,
    848 F. Supp. 2d 404 (W.D.N.Y. 2012) ....................................................................................2

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .........................................................................4

*In re Am. Express Co. S'holder Litig.*,
    39 F.3d 395 (2d Cir. 1994)......................................................................................10

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003).........................................................................................6

*Leal v. McHugh*,
    2011 WL 6372820 (S.D. Tex. Dec. 20, 2011).........................................................9

*Levine v. AtriCure, Inc.*,
    508 F. Supp. 2d 268 (S.D.N.Y. 2007).......................................................................3

*Marvullo v. Gruner & Jahr*,
    105 F. Supp. 2d 225 (S.D.N.Y. 2000).................................................................5, 10

*Ortiz v. Guitian Music Bros., Inc.*,
    2009 WL 2252107 (S.D.N.Y. July 28, 2009) ...........................................................8

*Realtime Data, LLC v. Morgan Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010).......................................................................3

*Stewart v. Wachowski*,
    2005 WL 6184235 (C.D. Cal. June 14, 2005) ..........................................................2

*Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt,*
    2000 WL 1006257 (S.D.N.Y. July 19, 2000) ...........................................................5

**STATUTES**

17 U.S.C. § 115...............................................................................................................4, 5, 7

17 U.S.C. § 501......................................................................................................................6

**OTHER AUTHORITIES**

37 C.F.R. § 201.18 .................................................................................................................8

Fed. R. Civ. P. 11 .................................................................................................................10

Fed. R. Civ. P. 9(b) ................................................................................................................2

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 4, 8

http://www.copyright.gov/help/faq/faq-definitions.html (last visited Dec. 14, 2012) ....................6

Nimmer on Copyright (2012) .............................................................................................7, 8

**INTRODUCTION**

In their opening brief, Defendants established that Plaintiff has failed to state a claim under the heightened pleading standards articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In response, Plaintiff does not even attempt to argue that his Amended Complaint meets these standards. Instead, Plaintiff tries to bury his head in the sand of the outdated and discredited "no set of facts" rule from *Conley v. Gibson*, 355 U.S. 41 (1957). (MTD Opp. at 4.)[1] The Supreme Court could not have been more clear that *Conley* is no longer good law. *See Twombly*, 550 U.S. at 562-63 ("*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough" and has "earned its retirement"). If ever there were a waste of the Court's time, it is Plaintiff's effort here.

Plaintiff attempts to evade the controlling pleading standard because he cannot satisfy that standard. Plaintiff simply has not met his burden with respect to any of his copyright infringement claims—whether willful or otherwise, and whether asserted on behalf of the proposed class or on behalf of himself. And it is clear he cannot do so. Accordingly, the Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.  Plaintiff Has Not Stated A Claim For Willful Infringement, And Plaintiff Is Not Entitled To Discovery To Cure This Defect**

As an initial matter, Plaintiff may not pursue his claim of willful infringement. Rather than directing the Court to any factual allegations that, if true, might support a finding of willful

---

[1] Plaintiff titled both of his Opposition Memoranda "Opposition to Defendants' Motion to Dismiss." To avoid confusion, Defendants' Memorandum in Support of the Motion to Dismiss (ECF No. 28) shall be referred to as "MTD." "MTD Opp." shall refer to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Under Rule 12(b)(6) (ECF No. 41). Defendants' Memorandum in Support of the Motion to Strike (ECF No. 30) shall be referred to as "MTS." "MTS Opp." shall refer to Plaintiff's Memorandum in Opposition to Defendants' Motion to Strike (ECF No. 42).

infringement (as there are none), Plaintiff suggests that such support is unnecessary to state a claim of willful copyright infringement. (*See* MTD Opp. at 15-16.) Not so. A willful infringement claim must contain "factual allegations regarding Defendant[s'] knowledge, willfulness, or recklessness, which, if accepted as true, would entitle [Plaintiff] to relief." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1055 (C.D. Cal. 2011). Courts routinely dismiss willful infringement claims where, as here, the complaint fails to allege facts that would support a finding of willfulness. *See, e.g.*, *id.* at 1054-55 (dismissing willful copyright infringement claim because plaintiff asserted only the legal conclusion that the designer had "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard in infringing" its copyrights); *Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 409 (W.D.N.Y. 2012) (dismissing claim of willful patent infringement where the complaint failed to allege facts showing defendant's actual knowledge); *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (dismissing claim of willful patent infringement where complaint contained "only conclusory allegations concerning willful infringement" and plaintiffs "failed to allege any facts that would support those allegations").

Ignoring the numerous intellectual property cases on point, Plaintiff relies exclusively on labor and employment cases to support his contention that willful copyright infringement "may be alleged generally" under Federal Rule of Civil Procedure 9(b). (MTD Opp. at 16-17.) These cases are distinguishable, and even where "knowledge and other conditions of mind may be averred generally," courts require that plaintiff "specifically allege the events which give rise to a strong inference" of willfulness. *Stewart v. Wachowski*, 2005 WL 6184235, at *6 n.33 (C.D. Cal. June 14, 2005) ("While plaintiff's complaint states the requisite word 'knowledge' . . . these

conclusory allegations [of willful copyright infringement] are insufficient to withstand the motion to dismiss.").

As Plaintiff clearly has failed to state a plausible claim of willful infringement, discovery into Defendants' willfulness is not necessary or justified. *See Bell Helicopter Textron*, 729 F. Supp. 2d at 800 (rejecting plaintiffs' argument "that [they] should be allowed to conduct discovery to support their allegation of willfulness" where complaint provided nothing "more than labels and conclusions" in support of willful infringement claim); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (dismissing willful infringement claim where plaintiff failed to "do more than suggest that more definite allegations [of willful infringement] are to follow once discovery is underway"). Accordingly, Plaintiff's claim of willful copyright infringement should be dismissed.

## II. Plaintiff Cannot State A Claim Or Establish Standing On Behalf Of The Class

Plaintiff also cannot pursue copyright infringement claims on behalf of the proposed class. As Plaintiff acknowledges, class members do not have standing where "members of the proposed class could not establish an element of the claim." (MTS Opp. at 7.) As Plaintiff also acknowledges (and as is discussed further below), in order to assert claims of copyright infringement, "Plaintiffs must demonstrate . . . unauthorized copying of the copyrighted work." *Id.*[2] But Plaintiff cannot demonstrate that all—or even most—of the proposed class members

---

[2] *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268 (S.D.N.Y. 2007), is inapposite. There, defendants moved to dismiss plaintiff's claim under Section 11 of the Securities Act, for failing to allege loss caused by the alleged material misstatements or omissions in the registration statement. *Id.* But absence of loss-causation is a specific statutory defense to a Section 11 securities claim; injury caused by the registration statement in Section 11 cases is *presumed. See id.* at 275 ("The ambiguity of the causal connection between misleading registration statements and declines in share value was exactly the reason Congress chose to place the burden of disproving causation on defendants."). Thus, the *Levine* plaintiff had a presumption of injury and, accordingly, standing to pursue the claim. There is no similar presumption of injury here – to the contrary, the only reasonable presumption based on the allegations in the Amended Complaint is that at least the vast majority of class plaintiffs have suffered no injury and lack standing to assert a claim.

have had their copyrighted compositions distributed without authorization (via a Section 115 compulsory license or otherwise). Indeed, Plaintiff's own allegations demonstrate that any unauthorized distributions are but a small fraction of Defendants' total distribution. (*See* Am. Compl. at 12-13, 16-18 [explaining all the ways that digital music is licensed and suggesting that potential instances of infringement are masked by the scale of fully licensed music]; *see also* MTS Opp. at 11 ["With respect to songs uploaded by certain long-standing record labels, for example, Defendants may be able to establish that those record labels obtained controlled composition licenses for all of those songs."].)[3]

Plaintiff tried to solve the fail-safe defect of his original class definition (which asserted an infringement claim on behalf of all members who can prove infringement) by simply removing any limitations bearing upon whether the songs were distributed with or without authorization. (*See* MTS Opp. at 5 ["issues relating to licensing, the 'ultimate merits issue' according to Defendants, will be resolved" through this class action].) But this is no solution, as lack of authorization is a key element of the copyright infringement claim; absent that element, there can be no "injury in fact" that is "distinct and palpable," "fairly traceable to the challenged action," and "likely redressable by a favorable decision." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006); *see also Hovsepian v. Apple, Inc.,* 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (striking class allegations where class included purchasers who had "not experienced any problems with their iMac display screens" because they "have no injury and no

---

[3] In his opposition papers, Plaintiff's only response to Defendants' arguments regarding the deficiencies of the class allegations is a cursory argument that the purported class members all have standing because authorized distribution of their compositions is merely an affirmative defense. (MTS Opp. at 7.) Plaintiff does not even acknowledge (let alone address) the Rule 12(b)(6) basis for dismissal of the class claims (set forth at MTD 15-17). Plaintiff cannot respond because it is clear that his class allegations fail to state a claim that can survive a motion to dismiss.

standing to sue . . . [and] have no claim against Apple"). Plaintiff's proposed class lacks standing to pursue the infringement claims here, and thus those claims should be dismissed.

### III. Plaintiff Fails To State A Plausible Claim On His Own Behalf

Even when the Amended Complaint is whittled down (as it must be) to Plaintiff's individual claims of copyright infringement—by discarding the bald conclusory assertion of willfulness and the claims on behalf of a proposed class that lacks constitutional standing—fatal defects remain. Plaintiff has not alleged any specific facts that raise his claim to relief "above the speculative level." *Twombly*, 550 U.S. at 555.

Although plaintiff characterizes as "specific" his pleading that "[n]o one ever obtained a license, whether by agreement or pursuant to 17 U.S.C. § 115, for any of the Defendants to reproduce, compile, distribute, or sell the recordings" at issue (MTD Opp. at 8), this is (at best) a specific ***legal conclusion***, not a ***factual allegation***. As Defendants pointed out in their opening brief, there a number of factual details that bear upon this legal conclusion, but Plaintiff has not alleged any of them. (*See* MTD at 11-13.) Instead of addressing any of the inadequacies identified by Defendants, Plaintiff tries to distract the Court from the relevant issue by suggesting that if Defendants had the requisite licenses, they would simply show them. (MTD Opp. at 13-14.) As the Court and Plaintiff are well aware, however, Defendants are not required to answer a complaint that does not state a plausible claim to relief, nor are Defendants obligated to investigate myriad factual circumstances to determine whether any such claim exists.[4]

---

[4] Plaintiff's attempt to distinguish Defendants' cited authority is similarly unavailing. In *Ritani, LLC v. Aghjayan*, "there [were] *no facts* alleged in the Amended Complaint as to *how or when* [defendants] violated any of the listed copyrights." 2012 WL 2979058, at *10 (S.D.N.Y. July 20, 2012) (emphasis added). The court in *Vapac Music Publishing, Inc. v. Tuff 'N' Rumble Management* dismissed the complaint because the plaintiff's broad allegations of international copyright infringement failed to give the defendants adequate notice of the factual background of plaintiff's allegations. 2000 WL 1006257 (S.D.N.Y. July 19, 2000). Plaintiff asserts that, unlike in *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000), there is no specific license at issue in this case. (MTD Opp. at 10-11.) That is not true—as there is a compulsory license at issue in this case—but it is also beside the point. The copyright claim
(cont'd)

5

Moreover, Plaintiff is simply wrong in arguing that he need not allege lack of authorization to state a *prima facie* copyright infringement claim. (*See* MTD Opp. at 5-6 [asserting that the only two elements of a copyright infringement claim are ownership of a valid copyright and copying].) Indeed, As **Plaintiff himself** acknowledges, "[t]o assert claims of copyright infringement, Plaintiffs must demonstrate (i) ownership of a valid copyright; and (2) *unauthorized* copying of the copyrighted work." (MTS Opp. at 7 [emphasis added] [citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)].) *See also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) ("To satisfy the second element of an infringement claim—the 'unauthorized copying' element—a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an '*improper or unlawful appropriation*.'") (emphasis added) (collecting cases); *Definitions*, Copyright.gov, http://www.copyright.gov/help/faq/faq-definitions.html (last visited Dec. 14, 2012) ("As a general matter, copyright infringement occurs when a copyrighted work is reproduced, distributed, performed, publicly displayed, or made into a derivative work *without the permission of the copyright owner*.") (emphasis added).

The text of 17 U.S.C. § 501, which sets forth the cause of action for copyright infringement, provides that "[a]nyone who violates any of the *exclusive rights* of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a) (emphasis added). Further, "[t]he legal or beneficial owner of *an exclusive right* under a copyright is entitled . . . to institute an action for any infringement of *that particular right* committed while he or she is the owner of it." 17

---

in *Marvullo* was deemed insufficient, even under the pre-*Twombly*, "no set of facts" pleading standard, because it was based on an "unadorned allegation" that defendants published the photograph at issue "beyond the scope . . . of the limited license." 105 F. Supp. 2d at 228. This amounted to an allegation that such use was "without a license." And it was not enough.

U.S.C. § 501(b) (emphasis added). It may be that alleging simply that plaintiff owns a valid copyright and defendant "copied" (or distributed) that work can amount to a *prima facie* claim of infringement in certain cases, where such copying violated plaintiff's *exclusive* right to copy that work. In that type of case, evidence of a license could constitute an affirmative defense by rebutting the presumption that Plaintiff's right was exclusive to begin with.

But in the present context, where the law establishes a compulsory license for exactly the conduct at issue, plaintiff ***does not have the exclusive right*** to copy and distribute the compositions at issue. By enacting Section 115, Congress directly abrogated the exclusive rights of musical composers. *See, e.g.*, 2-8 Nimmer on Copyright § 8.23[A][1] (2012) ("Section 115 creates an exception to both the reproduction and distribution rights"); *id.* at § 8.23[B][1] ("[T]he mechanical compulsory license overrides the exclusive rights of music proprietors"); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 278 (2d Cir. 2012) (characterizing the compulsory license for cable system transmission of copyrighted programming as an "exception" to the exclusive rights of television broadcasters to authorize the public display of their copyrighted content).[5] Since the Section 115 compulsory license is a pre-existing statutory exception to Plaintiff's exclusive rights to distribute recordings of his compositions, Plaintiff cannot state a plausible claim for infringement by merely asserting that the recordings are being distributed. Rather, he must state detailed factual allegations as to how and why he believes the compulsory license does not apply

---

[5] Plaintiff cites *WPIX* for the proposition that a license is an affirmative defense for which the defendant has the burden of proof. (MTD Opp. at 12.) In *WPIX*, however, the Defendant was not a cable system, and thus was attempting to take advantage of a compulsory license that did not apply to that context. 691 F. 3d 275. Had the plaintiff in that case sued a cable system, the court would have assumed that the "exception" to plaintiff's exclusive rights applied absent specific factual allegations to the contrary.

7

to the distribution at issue.⁶ The Amended Complaint lacks any such detail, and thus does not state a plausible claim that can survive Defendants' motion to dismiss.

Indeed, courts have repeatedly put the onus on plaintiffs to demonstrate the absence of a license where the applicable statutory context provides for compulsory licenses. *See* 4-13 Nimmer on Copyright § 13.01 ("Frequently, for instance, ASCAP claims [require plaintiffs to prove] that the '[d]efendants had not received permission from any of the [p]laintiffs or their representatives for such performances.'") (citation omitted); *Cass Cnty. Music Co. v. Khalifa*, 914 F. Supp. 30, 32 (N.D.N.Y.), *aff'd*, 112 F.3d 503 (2d Cir. 1996) (citing as an element of a *prima facie* case of copyright infringement allegations that the defendant had not received permission from any of the plaintiffs or their representatives); *Artists Music, Inc. v. Reed Pub. (USA), Inc.*, 1994 WL 191643 (S.D.N.Y. May 17, 1994) (same); *Controversy Music v. Down Under Pub Tyler, Inc.*, 488 F. Supp. 2d 572 (E.D. Tex. 2007) (same).⁷

Moreover, even if authorization via compulsory license were considered an affirmative defense, Plaintiff observes that an affirmative defense may be raised on a motion to dismiss pursuant to Rule 12(b)(6) where "the complaint itself establish[es] the circumstances required as

---

⁶ Plaintiff's citation to 37 C.F.R. § 201.18(f)(5) is misleading. Far from establishing a burden of pleading or proof for copyright infringement actions, this regulation concerns the nature of proving the timing of service of a notice of intent where service was effectuated through some manner other than use of the US Postal Service or other courier service. Moreover, complying with the regulation with "Prussian rigidity" is not required; compliance with the spirit of the regulation suffices. *See EMI Entm't World, Inc. v. Karen Records, Inc.*, 603 F. Supp. 2d 759, 763 (S.D.N.Y. 2009) (finding defendant's "harmless errors" in serving notice of intent did not render notice ineffective and noting that "technical noncompliance" with regulation does not mean a compulsory mechanical license is not in place) (citing 37 C.F.R. § 201.18(g)), amended on reconsideration in part, 681 F. Supp. 2d 470 (S.D.N.Y. 2010).

⁷ Plaintiff's reliance on *Ortiz v. Guitian Music Bros., Inc.*, 2009 WL 2252107 (S.D.N.Y. July 28, 2009), is misplaced. In *Ortiz*, plaintiff alleged that "no licenses for the Works were secured by Defendants," and defendants moved to dismiss on the ground that the facts establishing the existence of an implied oral license were apparent from the complaint. *Id.* at *3. The court denied the motion because plaintiff specifically alleged in the complaint that defendants "did not perform their part of the understanding between the parties," supported by a number of facts detailing the specific actions defendants were obligated to do, but did not do, to perfect their rights under the license. *Id.* It is this type of specific allegation that is missing from Plaintiff's complaint here.

a predicate to a finding that the affirmative defense applies." (MTD Opp. at 12 [citing *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)].) *See also Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992). That is the case here. Plaintiff's Amended Complaint describes the statutory compulsory licensing scheme and how it functions in the digital music industry (largely successfully, according to Plaintiff). Plaintiff then asserts a pure legal conclusion that Defendants did not obtain the license, absent any factual support. When the legal conclusion is stripped away—as it must be—all that remains is the factual description of the compulsory license process. *See Iqbal*, 556 U.S. at 679 (instructing courts in assessing the sufficiency of a claim to "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and disregard them). Accordingly, the basis of the affirmative defense of authorization through compulsory license is plainly established by the Amended Complaint itself. Therefore, dismissal is appropriate.

## IV. Plaintiff Should Not Be Entitled To Yet Another Amendment

"While leave should be 'freely given when justice so requires,' the Court is not required to grant a party multiple opportunities to amend for the same reasons." *Leal v. McHugh*, 2011 WL 6372820, at *8 (S.D. Tex. Dec. 20, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, this Court's Individual Rules specifically direct that, once a conference on a pre-motion letter concerning a motion to dismiss takes place, "[i]f the non-moving party elects not to amend its complaint and the motion to dismiss is granted, *it is unlikely that the Court will grant the non-moving party leave to amend*." (emphasis in original).

Here, even after the Plaintiff amended the complaint once, he had an additional opportunity to amend the complaint a second time, in response to Defendants' motions. (*See* Order, ECF No. 18.) He elected not to do so, choosing instead to rest on the strength of his Amended Complaint and to oppose the motions. Plaintiff is now asking to have it both ways by

requesting a ***third*** opportunity to go back to the drawing board if the Amended Complaint is dismissed. Plaintiff's request should be denied. *See, e.g.*, *In re Am. Express Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994) (affirming dismissal with prejudice because plaintiffs had two opportunities to amend their complaint and it was clear they could not "transform the facts ple[d] into a sufficient allegation").

Moreover, even if Plaintiff were otherwise entitled to another "bite at the apple," further amendment would be futile, because Plaintiff cannot adequately state a claim. Plaintiff clearly has not been able to plead—in accordance with Fed. R. Civ. P. 11—the factual allegations that Defendants have identified as missing since the September 26 pre-motion letter. Further, as is demonstrated above and in Defendants' Motion to Strike, as a matter of law Plaintiff cannot state a claim upon which relief may be granted on behalf of the proposed class—and no additional attempts to draft a viable class definition can change that. (*See* MTS at 13-20.) Where a plaintiff inadequately pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to replead is futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Marvullo*, 105 F. Supp. 2d at 228 ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis."). Plaintiff here has already had the benefit of not one, but two separate "freely given" opportunities to amend, and the result has been "repeated failure to cure deficiencies." (MTD Opp. at 18.) The Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint with prejudice.

Dated: December 14, 2012　　　　　　　**MAYER BROWN LLP**

　　　　　　　　　　　　　　　　　　*/s/* A. John P. Mancini

A. John P. Mancini
Matthew D. Ingber
Allison Levine Stillman
1675 Broadway
New York, NY 10019
jmancini@mayerbrown.com
mingber@mayerbrown.com
astillman@mayerbrown.com
Tel: 212.506.2295
Fax: 212.849.5895

*Attorneys for Defendant Google Inc.*

**GREENBERG TRAURIG, LLP**

*/s/* Kenneth L. Steinthal
Kenneth L. Steinthal
Joseph R. Wetzel
4 Embarcadero Center, Suite 3000
San Francisco, California 94111
steinthal@gtlaw.com
wetzelj@gtlaw.com
Tel: 415.655.1300
Fax: 415.707.2010

Jeff E. Scott (*pro hac vice* application pending)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
scottj@gtlaw.com
Tel: 310.586.7700
Fax: 310.586.7800

*Attorneys for Defendants Apple Inc.,
Amazon.com, Inc., Microsoft Corporation,
eMusic.com Inc., The Orchard Enterprises, Inc.,
and Orchard Enterprises NY, Inc.*