UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NORMAN BLAGMAN, individually and on
behalf of all others similarly situated,
                Plaintiff,

    -against-

APPLE INC., AMAZON.COM, INC., GOOGLE
INC., MICROSOFT CORPORATION,
EMUSIC.COM INC., THE ORCHARD
ENTERPRISES, INC., ORCHARD
ENTERPRISES NY, INC., and John Does 1-10,
persons or entities whose identities are unknown
to Plaintiff but who have performed and
participated in the unlawful acts alleged herein,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-20-13

12 Civ. 5453 (ALC) (JCF)

**ORDER AND OPINION**

**ANDREW L. CARTER, United States District Judge:**

    On October 12, 2012, Plaintiff Norman Blagman filed an amended class action complaint against, for all intents and purposes, the whole of the digital music industry (Dkt. No. 19). Apple Inc., Amazon.com, Inc. Google Inc., Microsoft Corporation and EMusic.com Inc. (the "Retailer Defendants") "own and operate the largest digital music retail stores in the world—iTunes, Amazon MP3, Google Play, Zune Marketplace and EMusic," respectively (Am. Compl. ¶ 3). Defendants Orchard Enterprises, Inc. and Orchard Enterprises NY, Inc. (together, "Orchard") aggregate musical recordings from record labels and other content providers, which are then sold to the Retailer Defendants for sale on their respective websites.

    Defendants move to dismiss the class action complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim of copyright infringement. Defendants argue that Blagman does not satisfy the Iqbal/Twombly standard requiring a plausible claim to relief because (1) he

1

does not make specific allegations of copyright infringement; (2) his generalized assertions of industry-wide infringement fail to state a claim of copyright infringement; and (3) Plaintiff makes no allegations of willful infringement. Defendant further argues that the allegations on behalf of the class do not state a claim of copyright infringement or establish standing for putative class members. In the alternative, Defendants filed a motion to strike the class allegations from the complaint for failure to meet class certification requirements of Rule 23 pursuant to Rules 12(f) and 23 of the Federal Rules of Civil Procedure.

## BACKGROUND

The basis for Plaintiff's claim is the alleged failure of the Retailer Defendants to ensure that the music available for downloading on their respective sites is properly licensed. Plaintiff is the author of the three musical compositions: <u>The Prowl</u>, <u>Jazz is His Old Lady and My Old Man</u> (music only, words by Gianni C. Bross) and <u>It'll Never Be Over For Me</u> (music only, words by Sam Bobrick). Blagman alleges that Orchard does not acquire mechanical licenses for these compositions and alleges the Retailer Defendants did not ensure that the compositions, which are available for sale on their websites, were properly licensed before distribution. Blagman also brings these claims on behalf of a putative class on the ground that "[i]n addition to infringing Plaintiff's copyrights in the Subject Compositions, the Defendants have also willfully infringed at least thousands of other copyrighted compositions." (Am. Compl. ¶ 51).

On October 26, 2012, Defendants filed motions to dismiss the class action complaint and to strike the class allegations (Dkt. Nos. 27, 29). At this point, Defendants have not answered the complaint and discovery has been stayed pending decision of these motions.

## DISCUSSION

I.   Legal Standard

A. Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

On a motion to dismiss, the court will accept the plaintiff's allegations as true, see Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)). However, the court need not accept allegations that are merely conclusions of law. Kassner, 496 F.3d at 237 (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action"); Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Therefore, on a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Fernandez, 471 F.3d at 51 (internal quotation marks and citation omitted).

B. Motion to Strike

The court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see also Fed. R. Civ. P. 23 ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order

3

whether to certify the action as a class action."). However, motions to strike are generally looked upon with disfavor and will typically be considered premature unless it addresses issues "separate and apart from the issues that will be decided on a class certification motion." Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (citing Chenensky v. New York Life Ins. Co., No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011); Rahman v. Smith & Wollensky Rest. Group, Inc., 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)). "A motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." Calibuso v. Bank of America Corp., 893 F.Supp.2d 374, 383 (E.D.N.Y. 2012) (internal citations omitted).

C. Elements of Copyright Infringement

In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998)); Lessem v. Taylor, 766 F. Supp. 2d 504, 508 (S.D.N.Y. 2011).

A properly pleaded copyright infringement claim alleges (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright. Kelly v. L.L. Cool J., 145

4

F.R.D. 32, 35-36 (S.D.N.Y. 1992) (citing Franklin Electronic Publishers v. Unisonic Prod. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991); Calloway v. The Marvel Entm't Group, 1983 WL 1141, *3 (S.D.N.Y. 1983).

Although a plaintiff must describe the acts constituting copyright infringement with "some specificity," copyright claims are not subject to "particularity in pleading." Maverick Recording Co. v. Goldshteyn, No.CV-05-4523 (DGT), 2006 WL 2166870, at *3 (E.D.N.Y. July 31, 2006) (citation omitted); Salerno v. City Univ. of N.Y., 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001) ("[Plaintiffs] argue without benefit of authority that there is a heightened pleading requirement for violations of copyright law. However, there is no such heightened requirement for copyright claims."). Thus, copyright infringement must be pleaded in accordance with Rule 8, rather than the heightened pleading standard of Rule 9. Nevertheless, "Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3, 127 S.Ct. 1955, 1965. That showing of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555, 127 S.Ct. at 1965.

As an initial matter, it is unclear whether Defendants seek to dismiss the complaint in its entirety or only to the extent that the complaint purports to represent a putative class of copyright holders. I will consider the sufficiency of the complaint both as to Blagman's individual claims and the class claims.

II.     Blagman's Individual Claims of Copyright Infringement

Here, Blagman has specified the original works that are the subject of his copyright claim (Am. Compl. ¶ 23), alleges that he owns those copyrights (id. ¶¶ 24-41), alleges that the copyrights were properly registered (id.) and alleges the acts by which Defendants infringed (id.

5

¶¶ 42, 78-83). Specifically, Blagman has alleged a system of infringement wherein the Defendants circumvent traditional channels for licensing, which has allegedly led to infringement by the Retailer Defendants, whether willful or not, because the aggregators are not acquiring licenses prior to selling to the Retailers. (Am. Compl. ¶¶ 81, 83 ("In many instances, however, no mechanical licenses are obtained from the owner of the copyright in the composition. . . The Retailer Defendants accept virtually every recording delivered to them, without qualification. . .")). Defendants bristle at Blagman's assertion of system-wide infringement as implausible under Twombly but they reach too far. Even Twombly recognizes that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely'." Twombly 550 U.S. at 556, 127 S.Ct. 1955, 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Although he does specify the time period of infringement, Blagman alleges the Retailer Defendants' continued infringement (id. ¶¶ 43-45), which courts in this Circuit have held satisfactory to survive a motion to dismiss. Maverick Recording, 2006 WL 2166870, at *3-4 (argument that complaint does not allege the time of the infringing acts "fails because plaintiffs here have alleged a continuing violation, which fulfills the pleading requirements for a copyright claim."); Elektra Entm't Group, Inc. v. Santangelo, No. 05 Civ. 2414(CM), 2005 WL 3199841 at *3 (S.D.N.Y. Nov. 28, 2005) (refusing to accept the argument that plaintiffs needed to allege more than that defendant continues to infringe their copyrights); Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F. Supp. 1, 4-5 (S.D.N.Y. 1991) (denying motion to dismiss for copyright infringement where plaintiff had alleged that defendant continues to infringe and

6

"[b]ecause a court faced with a motion to dismiss for failure to state a claim must take the allegations of infringement in the complaint as true").

Defendants point to the allegation in the complaint citing Orchard's SEC filings in support for the allegation that Orchard does not obtain mechanical licenses as improper. Indeed, were Blagman's claims against Orchard based solely on that allegation, it might necessarily be dismissed. Instead, Blagman provides multiple allegations that digital music aggregators including Orchard do not always properly license the music sold to digital music sites. (Am. Compl. ¶¶ 100, 104, 111). Thus, as to his own compositions, Blagman has adequately pleaded a copyright infringement claim.

This is so even if, as Defendants contend, Blagman does not substantiate his claim of willful infringement. To prove willfulness under the Copyright Act, the plaintiff must show that (1) the defendant was actually aware of the infringing activity, or (2) the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights. Wu v. Pearson Educ., Inc., 277 F.R.D. 255, 264 (S.D.N.Y. 2011). The contention that Blagman has not established willfulness is irrelevant at this point since willfulness may be demonstrated any time before trial and thus cannot be an element of a copyright infringement claim. 17 U.S.C.A. § 504(c) ("copyright owner may elect, at any time before final judgment is rendered . . . an award of statutory damages" which the district court may enhance in its discretion to $150,000 per infringed work upon a finding that the infringement was committed willfully."); Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1113 (2d Cir. 1986) ("Under § 501(a) intent or knowledge is not an element of infringement. . . Innocence is only significant to a trial court when it fixes statutory damages, which is a remedy equitable in nature."); Loussier v. Universal

Music Group, Inc., 214 F.R.D. 174, 178 (S.D.N.Y. 2003); Coleman v. ESPN, Inc., 764 F. Supp. 290, 294 (S.D.N.Y. 1991).

The only case Defendants cite for the proposition that Plaintiff needs to plead willful infringement in the complaint, Amini Innovation Corp. v. KTY Intern. Marketing, 768 F. Supp. 2d 1049 (C.D. Cal. 2011), is easily distinguished. There, the court determined damages for a default judgment, where the defendant never appeared and the plaintiff had provided no basis in his complaint that statutory damages for willfulness were warranted. See Amini, 768 F. Supp. 2d at 1054 ("The plaintiff is required to provide evidence of its damages, and the **damages sought must not be different in kind or amount from those set forth in the complaint.**") (emphasis added) (citation omitted)). Already, this case is quite the opposite and is heavily contested.

Furthermore, the Plaintiff need not plead in such a way to avoid affirmative defenses, which the Defendants at their own determination, must plead and prove. Even if the affirmative defense of licensing is on the face of the complaint, Defendants must do more than allege it to make it so. Thus, as pleaded, Blagman's individual claims for copyright infringement state a claim. Defendants' motion to dismiss the complaint as to Blagman's individual claims is DENIED.

   III.   Class Allegations

To the extent Defendants seek only to dismiss the class action allegations, Defendants contend that the putative class members do not have standing, that the class allegations are not adequately pleaded and that the class certification factors are not met, and thus the class allegations should be stricken from the complaint. Defendants point out that only one paragraph in the amended complaint alleges infringement on behalf of the putative class. (See Am. Compl.

¶ 51). ("In addition to infringing Plaintiff's copyrights in the Subject Compositions, the Defendants have also willfully infringed at least thousands of other copyrighted compositions."). Blagman's class definition includes "All persons or entities who own all or part of one or more registered copyrighted musical compositions that have been reproduced, distributed, or sold by Defendants." (Am. Compl. ¶ 52).

Where, as here, Defendants seek a motion to strike class allegations but also contend that Plaintiffs' class allegations fail as a matter of law, the Court is obligated to address the issue, see Chen-Oster, 877 F. Supp. 2d at 117, and must do so under the liberal motion to dismiss standard considering "not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims," Fernandez, 471 F.3d at 51. The pressing questions for the class action allegations are whether the putative class members have standing before the Court and whether the allegations are adequately pleaded.

A. Standing

Defendants allege that the proposed class lacks standing because not all of the proposed putative class members have Article III standing since at least some of the class, if not the vast majority, have licensed their music to Defendants.

Standing is challenged on the basis of the pleadings, and thus the court accepts as true "all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Bldg. & Constr. Trades Council v. Downtown Dev., Inc., 448 F.3d 138, 144 (2d Cir. 2006). In the context of a class action, this Circuit does "not require that each member of a class submit evidence of personal standing." Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006). However, "no class may be certified that contains members lacking Article III standing." Id. at 264. To achieve standing, a plaintiff must have suffered an "injury in fact"

9

that is "distinct and palpable," the injury must be fairly traceable to the challenged action, and the injury must be likely redressable by a favorable decision. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Significantly, "an injury-in-fact need not be capable of sustaining a valid cause of action under applicable ... law." Id.

Here, Defendants' argument "appears to conflate the threshold question of [a plaintiff's] standing under Article III ... with the question of whether [a plaintiff] has a valid claim on the merits." Lerman v. Board of Elections in the City of New York, 232 F.3d 135, 143 n.9 (2d Cir. 2000), cert. denied, 533 U.S. 915, 121 S.Ct. 2520, 150 L.Ed.2d 692 (2001). Plaintiff defines the class as "All persons or entities who own all or part of one or more registered copyrighted musical compositions that have been reproduced, distributed, or sold by Defendants." Thus, if the putative class members' musical compositions have been made available for downloading and distribution on Defendants' electronic databases, the class members have standing to bring a copyright infringement regardless of the merits of the claim. Whether the class has pleaded a claim for copyright infringement (which I consider below) and whether that claim is meritorious, the motion to dismiss for lack of standing must be denied.

This conclusion is not disturbed by the fact that Defendants claim the availability of licensing as an affirmative defense. The Second Circuit has recognized that "the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 139 (2d Cir. 2001), overruled on other grounds by In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 42 (2nd Cir. 2006); In re Flag Telecom Holdings, Ltd. Securities Litigation, 574 F.3d 29, 37 (2d Cir. 2009) ("We see nothing in the

record before us that indicates that in these circumstances, where certain plaintiffs are subject to a negative causation affirmative defense, such a requirement precludes the certification of a single class."); Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 45 (E.D.N.Y. 2008) ("[E]ven if some portion of the class may have some non-common factual issues . . . [t]he Court has at its disposal procedure mechanisms, such as the creation of a subclass, to address such a situation should it arise."). Considering that all of these cases decided a class certification motion only emphasizes that Defendants' motion is premature.

Lastly, this court can modify the class if later it becomes clear that any of the putative class members do not have standing. New Jersey Carpenters Health Fund v. Residential Capital, LLC, 2013 WL 55854, at *5-6 (S.D.N.Y. Jan. 13, 2013); Janes v. Triborough Bridge and Tunnel Authority, 889 F. Supp. 2d 462, 466 (S.D.N.Y. 2012) (revising and narrowing class definition to include only those who could seek forward-going relief). Because the court has other available mechanisms for determining the size or propriety of a class at the appropriate stage, see Dupler, 249 F.R.D. at 45, the motion to dismiss for lack of standing is denied.

    B. Failure to State a Claim

Defendants also contend that Blagman's class allegations do not state a claim. This is a closer question. As delineated above, a properly pleaded copyright infringement claim alleges (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright.

While not being able to specify the original works is to be expected for class allegations, the class definition satisfies the other factors: the putative class members "own all or part of copyrighted musical compositions" and those compositions are registered. (Am. Compl. ¶ 52).

As discussed above, Blagman has alleged a system of infringement in obtaining musical compositions without a license. As the proposed class is limited to owners whose copyrighted works "have been reproduced, distributed, or sold by Defendants," the alleged system of infringement would affect them. At this point, the class allegations, though sparse, adequately state a claim on behalf of the putative class.

Furthermore, dismissing class allegations on a motion to dismiss would preempt the opportunity for discovery which is better suited for development of Plaintiff's claims, which is disfavored, since "[a]s a practical matter, the court's [certification decision] usually should be predicated on more information than the complaint itself affords." Myers v. MedQuist, Inc., No. 05-4608, 2006 WL 3751210, at *4-5 (D.N.J. 2006) (citing 5C Wright, Miller & Kane, Federal Practice & Procedure Civil 3d § 1785.3). Dismissal of class allegations at the pleading stage should be done rarely as "the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." Id. at *4 (internal citations omitted) (deferring decision on class certification until "after Plaintiffs are given the opportunity to conduct discovery on class action status"); In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007); see also Abdallah v. Coca-Cola Co., No. Civ.A. 1:98CV3679-RW, 1999 WL 527835 (N.D. Ga. July 16, 1999) (dismissal of class allegations prior to discovery premature). At this stage, the motion to dismiss the class action complaint is DENIED without prejudice to renew the motion.

C. Motion to Strike Class Allegations

Given this Circuit's reluctance to strike class allegations and the fact that the request comes even before class certification has been sought, the Court is reticent to strike the class allegations at this point.

Since submission of their motions, Defendants have provided the Court with recent authority purportedly supporting their motion to strike. Most recently, Defendants point to the decision in Football Assoc. Premier League Ltd. v. YouTube, Inc., No. 07 Civ. 3582(LLS), 2013 WL 2096411 (S.D.N.Y. May 15, 2013). Although superficially compelling, Football is easily distinguishable from the current posture of this case. First, it was decided at the time of a class certification motion whereas this case has not yet been given the benefit of discovery. Admittedly, Defendants have offered two cases permitting dismissal prior to discovery, see Creech v. Holiday CVS, LLC, No. 11-46-BAJ-DLD 2012 WL 4483384 (M.D. La. Sep 28, 2012); Hodczak v. Latrobe Specialty Steel Co., No. 08-649, 2009 WL 911311 (W.D. Pa. Mar. 31, 2009), but in those cases, the court first found that the pleadings were inadequate. Having found that Blagman has adequately pleaded his class allegations, the cases are inapposite.

Furthermore, the Football defendants are YouTube, Inc. and YouTube LLC (collectively, "YouTube") and Google, whose business models as relevant to that suit are different from the allegedly infringing business model disputed before this Court.[1] Specifically, in Football, the challenge against YouTube and Google arose because those sites allow users to post content, some of which is infringing. Thus, they were not direct infringers, which cannot be said here. See Digital Millennium Copyright Act, 17 U.S.C. § 512(a)(1) ("A service provider shall not be liable . . . for infringement of copyright . . . if the transmission of the material was initiated by or at the direction of a person other than the service provider.")

---

[1] YouTube is the popular website that permits home users to upload their own content to its site. Google was named a defendant because it is the successor-in-interest to YouTube as sole owner and independently maintains GoogleVideo which allegedly includes YouTube's infringing content as well as other uploaded infringing content. Google is named as a defendant in the present case for alleged infringement of its Google Play service, "a digital distribution multimedia-content service that includes an online store for music" (Am. Compl. ¶¶ 16, 47-50).

13

While it may be true that "copyright claims are poor candidates for class-action treatment," Football, 2013 WL 2096411, at *1, "at least in this Circuit, a motion to strike class claims is considered premature if the issues raised are the same ones that would be decided in connection with determining the appropriateness of class certification under Rules 23(a) and 23(b)," Kassman v. KPMG LLP, No. 11 Civ. 3743 (JMF), 2013 WL 452913, at *7 (S.D.N.Y. Feb. 7, 2013) (internal quotation marks omitted); Chen-Oster, 877 F. Supp. 2d at 117. The cases Defendants have presented as recent authority only reinforce class certification as the proper stage for these questions. Comcast Corp. v. Behrend, 133 S.Ct. 1426 (2013) (reversing class certification under 23(b)(3)); Football, 2013 WL 2096411 (denying class certification motion); Wu v. Pearson Educ., Inc., No. 09 Civ. 6557 (KBF), 2012 WL 6681701 (S.D.N.Y. Dec. 21, 2012) (class decertification). Thus, Defendants' motion to strike is DENIED.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Blagman's individual claims is DENIED and to dismiss the class action complaint is DENIED without prejudice. Similarly, Defendants' motion to strike the class allegations is DENIED without prejudice. Furthermore, the Court now lifts the stay and refers this case to the designated magistrate judge for general pre-trial matters, including discovery.

SO ORDERED.

Dated:   May 20, 2013
         New York, New York

_____
United States District Judge