**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NORMAN BLAGMAN, individually and on behalf of
all others similarly situated,

                   Plaintiff,

                   v.

APPLE INC., AMAZON.COM, INC., GOOGLE INC.,
MICROSOFT CORPORATION, EMUSIC.COM INC.,
THE ORCHARD ENTERPRISES, INC., ORCHARD
ENTERPRISES NY, INC.,
And John Does 1-10, persons and entities whose
identities are unknown to Plaintiff but who have
performed and participated in the unlawful acts alleged
herein,

                   Defendants.

1:12-CV-5453 (ALC)

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR RECONSIDERATION OF THEIR MOTION TO DISMISS THE CLASS
CLAIM BASED ON LACK OF STANDING

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND .................................................................................................... 1

STANDARD OF REVIEW ..................................................................................... 5

ARGUMENT .......................................................................................................... 5

I.      The Standing Deficiency In The Proposed Class Is Not Tied To The Merits, But Rather Concerns The Independent, Threshold Question Of Justiciability ....................... 6

II.     Plaintiff's Own Allegations Demonstrate That Many, If Not Most, Of The Proposed Class Has Suffered No Injury, And Therefore Lack Standing To Assert A Claim In Federal Court ................................................................................. 9

III.    The Standing Deficiency Requires Immediate Dismissal Of The Class Claims Rather Than Modification Of The Class Definition At A Later Stage ........................... 11

CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. Wright*,
   468 U.S. 737 (1984)..................................................................................6, 7

*Angel Music, Inc. v. ABC Sports, Inc.*,
   112 F.R.D. 70 (S.D.N.Y. 1986) ........................................................................11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006).........................................................................6, 7, 8

*Gollust v. Mendell*,
   501 U.S. 115 (1991)..................................................................................5

*Hyperquest, Inc. v. N'Site Solutions, Inc.*,
   632 F.3d 377 (7th Cir. 2011) .........................................................................7

*In re Optimal U.S. Litig.*,
   813 F. Supp. 2d 383 (S.D.N.Y. 2011).................................................................5

*Janes v. Triborough Bridge & Tunnel Auth.*,
   889 F. Supp. 2d 462 (S.D.N.Y. 2012).................................................................12

*New Jersey Carpenters Health Fund v. Residential Capital LLC*,
   288 F.R.D. 290 (S.D.N.Y. 2013) .....................................................................12

*Raines v. Byrd*,
   521 U.S. 811 (1997)..................................................................................5

*Shrader v. CSX Transp. Inc.*,
   70 F.3d 255 (2d Cir. 1995)...........................................................................5

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)..................................................................................4

**STATUTES**

17 U.S.C. § 115......................................................................................2

**OTHER AUTHORITIES**

7AA Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE &
PROCEDURE CIVIL 3d § 1785.1 (2005)............................................................................6

Federal Rule of Civil Procedure 12(h)(3) ..............................................................11, 12

Federal Rule of Civil Procedure 54(b)........................................................................1, 5

Federal Rule of Civil Procedure 12(b)............................................................................4

Federal Rule of Civil Procedure 12(f) .........................................................................4, 8

Fedearl Rule of Civil Procedure 23 ..........................................................................1, 4, 8

Defendants Apple Inc., Amazon.com, Inc., Google Inc., Microsoft Corporation, eMusic.com Inc., The Orchard Enterprises, Inc. and Orchard Enterprises NY, Inc. (collectively, "Defendants") submit this memorandum in support of their motion pursuant to Federal Rule of Civil Procedure 54(b) and S.D.N.Y. Loc. R. 6.3, for reconsideration of their motion to dismiss the asserted class action claim on the limited basis that many, if not most, of the proposed class members lack Article III standing to assert a claim because they have suffered no actual injury (and are not alleged by Plaintiff to have suffered any actual injury).

## PRELIMINARY STATEMENT

While mindful of the obvious care reflected in this Court's Order and Opinion denying Defendants' motion to dismiss, Defendants respectfully request that the Court reconsider the discrete portion of the Order and Opinion addressing the proposed class plaintiffs' lack of standing. As discussed below, it appears that the Court may have overlooked: (1) the nature of the Article III standing inquiry as independent from inquiries into the sufficiency of the liability claim or the suitability of class treatment under Rule 23; (2) Plaintiff's own recognition that the defined class necessarily includes many members who have suffered no injury; and (3) controlling legal authority that requires dismissal of the class claims at this stage of the litigation. Defendants request reconsideration given the enormous importance of the standing issue, which is a threshold constitutionally-based inquiry that impacts this Court's jurisdiction over the class action claim asserted in this case. Accordingly, Defendants respectfully submit that this specific issue warrants further consideration.

## BACKGROUND

Plaintiff filed his original Class Action Complaint on July 13, 2012, in which he alleged that the Defendants, the largest companies in the digital music industry, were "willfully ignor[ing] their statutory obligations to obtain a license before reproducing and distributing

copyrighted musical compositions." (Complaint, ECF No. 1 (hereafter "Compl.") at ¶ 53.) As background, Plaintiff explained in his Complaint that there are several ways owners of the copyright in the underlying composition license their copyrighted works, such as: (1) a "controlled composition" license; (2) a negotiated mechanical license; or (3) a compulsory mechanical license. *Id.* ¶ 33. Section 115 of the Copyright Act provides a compulsory mechanical license to anyone wishing to distribute a recording of a musical composition, provided that the licensee provides notice and payment of a statutory royalty to the copyright owner. 17 U.S.C. § 115; Compl. ¶¶ 39-42. Plaintiff has conceded (*see* Point II *infra*) that copyright owners customarily license their rights in one or another of these fashions when their music is sold online. *See* Order and Opinion, ECF No. 52 (hereafter "Op.") at 9 ("at least some of the class, if not the vast majority, have licensed their music to Defendants").

Plaintiff asserted that Apple Inc., Amazon.com, Inc., Google Inc., Microsoft Corporation, and eMusic.com, Inc. (referred to by Plaintiff as the "Retailer Defendants") all operate successful online music stores that allow users to download content for a fee. Compl. ¶¶ 58, 69-74. According to Plaintiff, these Retailer Defendants receive content from music aggregators who, in turn, receive this content directly from record labels and individual recording artists. *Id.* ¶ 54. Plaintiff asserted that in order to provide this music for sale by the Retailer Defendants, the aggregators are required to obtain a license from the owners of the musical compositions in the manner detailed above or take other measures to ensure that one has been secured, and that the Retailer Defendants are, likewise, required to obtain licenses or ensure that the proper mechanical licenses authorizing sale were secured in order to sell this content to users in their respective online stores. *Id.* ¶¶ 1, 49-50. Plaintiff's copyright infringement claim rests primarily

on the allegation that the aggregators are distributing content to the Retailer Defendants without necessarily having secured the required licenses.  *Id.* ¶¶ 76, 80.

Based on these allegations, Plaintiff sought in the initial Complaint to represent a class of *"[a]ll persons or entities who own a copyrighted musical composition or a portion thereof which has been reproduced or distributed by Defendants **without license or authorization** from the owner of the copyrighted musical composition and without a lawful mechanical, or 'DPD,' license."*  *Id.* ¶ 7 (emphasis added).  Critically, from the beginning, Plaintiff understood that owners whose works were distributed by Defendants ***with*** authorization had no claim for copyright infringement; so, he limited his initial proposed class to owners whose works had "been reproduced or distributed by Defendants without license or authorization."  Defendants pointed out in a pre-motion letter that the proposed class was an improper "fail-safe" class, because membership in the class depended on the adjudication of the merits of the claim.  (ECF No. 17.)  Plaintiff agreed that such a "fail-safe" class could not be certified, and elected during a conference with the Court to avoid motion practice on this issue by amending the Complaint to, *inter alia*, redefine the class.  (ECF No. 18.)[1]

Plaintiff's Amended Complaint redefines the class as *"[a]ll persons or entities who own all or part of one or more registered copyrighted musical compositions that have been **reproduced, distributed, or sold** by Defendants."*  Am. Compl. ¶ 52 (emphasis added).  By moving to the other extreme (removing any and all limitations on the entire universe of songs sold by the Retailer Defendants), this new class definition presented new problems—the most critical of which for the purposes of this motion is that the new proposed class includes many members who plaintiff openly acknowledges have not suffered any injury, and thus lack

---

[1] The allegations discussed above regarding the digital music industry were repeated in the Amended Complaint.  *See* Amended Complaint, ECF No. 19 (hereafter "Am. Compl.").

standing.[2]   Accordingly, Defendants moved to dismiss the class action claim under Rule 12(b), on the ground that (*inter alia*) the proposed class does not have the requisite standing under Article III, and also moved to strike the class allegations under Rule 12(f) and Rule 23 (collectively, the "Motions to Strike and Dismiss").

On May 20, 2013, the Court issued its Order and Opinion denying the Motions to Strike and Dismiss.  With respect to class plaintiffs' standing, the Court ruled that "[I]f the putative class members' musical compositions have been made available for downloading and distribution on Defendants' electronic databases, the class members have standing to bring a copyright infringement [claim] regardless of the merits of the claim."  (Op. at 10.)

The import of the Court's determination is that a putative plaintiff could state a claim for copyright infringement based solely on (i) an allegation of ownership of a copyrighted work, coupled with (ii) an allegation that a defendant reproduced and/or distributed his work (or, as the Court put it, an allegation that "the putative class members' musical compositions have been made available for downloading and distribution on Defendants' electronic databases").  *Id.*  But such a claim cannot survive a motion to dismiss because it does not include a claim that plaintiff suffered any actual injury from the challenged conduct.  As the Supreme Court has established: "[T]he requirement of injury in fact is a hard floor of Article III."  *Summers v. Earth Island Inst.,* 555 U.S. 488, 497 (2009).  And it "is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have

---

[2] Defendants maintain the arguments asserted in their Motion to Strike the Class Allegations under Rules 12(f) and 23 regarding deficiencies of the proposed class under Rule 23 class certification standards, and Defendants will renew those arguments if and when Plaintiff moves for class certification.  *See* Defendants' Memorandum in Support of the Motion to Strike (hereafter "MTS") (ECF No. 30).

standing." *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997).[3]   To have standing to sue, that injury must be alleged—and usually is, in the copyright infringement context, based on a claim that the defendant's use was unauthorized.   That undoubtedly is why Plaintiff Blagman's initial complaint included further class-limiting language (which, as noted, had other fatal flaws), and why the class allegations in Plaintiff's Amended Complaint are deficient.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(b) and S.D.N.Y. Loc. R. 6.3, this Court may reconsider its order of May 20, 2013.   The Court has discretion to alter or amend an order, particularly where there are "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."   *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (granting motion for reconsideration)*; accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).   Reconsideration "may also be granted to correct a clear error or prevent manifest injustice." *In re Optimal,* 813 F. Supp. 2d at 387.

## ARGUMENT

In its Order, the Court acknowledged Defendants' argument that the proposed class lacks standing because not all of the proposed putative class members have Article III standing, "since at least some of the class, if not the vast majority, have licensed their music to Defendants."  (Op. at 9.)  The Court observed that "no class may be certified that contains members lacking Article III standing."   *Id.*  And the Court further acknowledged that, "[t]o achieve standing, a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable,' the injury must be fairly

---

[3] "Although 'Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself.'" *Gollust v. Mendell*, 501 U.S. 115, 126 (1991) (citation omitted).

traceable to the challenged action, and the injury must be likely redressable by a favorable decision." *Id.* at 9-10.  The Court determined, however, that the proposed class has standing to bring a copyright infringement claim here—even though Plaintiff has conceded that most of the putative class members have no injury in fact.  *Id.* at 10.  In reaching this determination, the Court did not address the independent jurisdictional nature of the requirement that all members of the Plaintiff class have suffered injury.  Rather, it appears that the Court focused on the presence or absence of a license as a merits issue.  In this case, it is *both*.  In addition to negating any potential infringement liability and precluding class certification, the fact that the majority of proposed class members are benefitting from the Defendants' conduct at issue also presents the more immediate, and fundamental, defect in class plaintiffs' standing to invoke this Court's jurisdiction.  Accordingly, Defendants respectfully request further consideration of these matters in connection with the Court's ruling on the class plaintiffs' standing under Article III.

## I.   The Standing Deficiency In The Proposed Class Is Not Tied To The Merits, But Rather Concerns The Independent, Threshold Question Of Justiciability

"In its constitutional dimension, standing imports justiciability:  whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III.  This is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (citing *Warth v. Selden*, 422 U.S. 490, 498 (1975)).  The filing of a class action "does not relax" the "jurisdictional requirement" of Article III standing.  *Id.*, at 263 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  Thus, "to avoid a dismissal based on a lack of standing, the court must be able to find that both the class and the representatives have suffered some injury requiring court intervention."  7AA Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d § 1785.1 (2005).  Moreover, the injury may not be "abstract or

conjectural or hypothetical." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citations and quotations omitted).[4]  Absent suffering some actual injury, there is simply no claim—indeed, no case—for a plaintiff to assert.  "The class must therefore be defined in a such a way that anyone within it would have standing." *Denney*, 443 F.3d at 264.

Despite this independent jurisdictional limitation, the Court appears to have construed Defendants' standing argument as hinging on the fact that the proposed class members have licensed their works for the distribution at issue, which the Court construes as an affirmative defense on the merits.  *See* Op. at 10 ("Defendants' argument "appears to conflate the threshold question of [a plaintiff's] standing under Article III . . . with the question of whether [a plaintiff] has a valid claim on the merits.").  *See also id.* at 5 ("[I]t is unclear whether Defendants seek to dismiss the complaint in its entirety or only to the extent that the complaint purports to represent a putative class of copyright holders.").  Defendants do maintain that most of the proposed class members have licensed their works, and that the existence of the license negates any possible liability for copyright infringement (which requires that the distribution be unauthorized).  *See* Defendants' Memorandum in Support of the Motion to Dismiss (ECF No. 28) at 15-17; Defendants' Reply Memorandum in Support of the Motion to Dismiss (ECF No. 43) at 3-4.  But Defendants' standing argument is somewhat different:  the class plaintiffs lack standing to assert

---

[4] In its Order, the Court pointed out as "significant" that "an injury-in-fact need not be capable of sustaining a valid cause of action under applicable . . . law." *Id.* at 10 (citing *Denney*, 443 F.3d at 264).  The *Denney* court made the quoted observation in discussing the difference between Article III standing and *statutory* standing, such that the injury-in-fact need not be capable of sustaining a valid cause of action under applicable *tort* law (for example, exposure to toxic or harmful substances can satisfy the Article III requirement even without physical symptoms of injury caused by the exposure, and even though exposure alone may not provide sufficient ground—*absent some form of liability*—for a claim under state tort law).  *Denney*, 443 F.3d at 264-65.  Regardless of statutory standing, there must be some *actual injury* to the plaintiff in order to invoke the court's jurisdiction under Article III.  *See id.; see also Hyperquest, Inc. v. N'Site Solutions, Inc.,* 632 F.3d 377, 381 (7th Cir. 2011) (distinguishing between the jurisdictional inquiry of Article III standing and failure to state a claim under the Copyright Act).

copyright infringement where the class is defined merely as all those whose musical compositions "have been reproduced, distributed, or sold by Defendants."  (Am. Compl. ¶ 52.)  As noted above, it is axiomatic that a claim of plaintiff's ownership of a copyrighted work plus defendant's distribution of that work—without any allegation that some actual injury was suffered by plaintiff—cannot survive because plaintiff would lack standing. Here, there is no allegation of injury *and* a concession that most putative class members are *benefitting* from their works being distributed by Defendants; thus these putative class members have no "controversy" with Defendants and no actual injury for which Defendants might be liable.

Further, the Court's observation that "the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones" (Op. at 10) suggests that the Court considered the asserted standing defect only in the context of a Rule 23 class certification analysis.  *See id.* at 10-11 (collecting cases addressing class certification under Rule 23).  It is true that Defendants moved to strike the class allegations under Rules 12(f) and 23, based on what are, in Defendants' view, facial inadequacies with respect to Rule 23 certification requirements—including lack of commonality and typicality in a vastly overbroad class, which includes members who lack injury (and standing).  *See* MTS at 6-11, 17-20.  But whether individual issues predominate over common issues is not germane to the question of whether the defined class impermissibly includes members who lack Article III standing.  Where class members lack standing, the class cannot be certified regardless of whether the Rule 23 requirements could be met.  *Denney*, 443 F.3d at 264 ("[N]o class may be certified that contains members lacking Article III standing.").

Thus, although the Court determined that "if the putative class members' musical compositions have been made available for downloading and distribution on Defendants'

electronic databases, the class members have standing to bring a copyright infringement [claim] regardless of the merits of the claim" (Op. at 10), this cannot be true where plaintiffs do not suffer any injury whatsoever from the distribution of their compositions.  It may be that, in this case, the same license or approval that prevents any injury *also* negates liability for copyright infringement, and *also* undermines the commonality required for class certification.  But the fact that the existence of a license may be relevant to other issues in the case does not justify allowing a claim to proceed on behalf of a class of plaintiffs who have no legal controversy with the Defendants and thus no standing to invoke the jurisdiction of this Court.

## II.     Plaintiff's Own Allegations Demonstrate That Many, If Not Most, Of The Proposed Class Has Suffered No Injury, And Therefore Lack Standing To Assert A Claim In Federal Court

Since the initiation of this action, Plaintiff has used sweeping rhetoric to describe the purported defects in Defendants' digital music licensing and distribution practices; but upon close examination, Plaintiff's specific allegations paint a different picture.   While Plaintiff attempts to indict the entire digital music industry for "massive and systematic" infringement (Am. Compl. ¶ 7), with broad accusations that "[n]one of the Defendants [ ] are meeting their statutory obligation to obtain mechanical licenses for all of the digital musical compositions they reproduce, distribute, and sell online" (*Id.* ¶ 5), Plaintiff's specific allegations as to how digital music licensing works demonstrate the opposite.  Assuming, *arguendo*, the truth of Plaintiff's factual allegations (rather than the broad legal conclusions), any unauthorized distributions are but a small fraction of Defendants' total distribution.  *See, e.g., id.* ¶¶ 62-71, 78-86 [explaining all the ways that digital music is licensed and suggesting that potential instances of infringement are "masked" by the scale of fully licensed music]; *id.* at ¶ 90 [acknowledging that the major record labels have "fully-staffed and functioning licensing departments" that secure mechanical licenses]; *id.* at ¶ 110 [alleging that The Orchard "administer[s] mechanical royalties," albeit

allegedly only for "certain artists and labels."]  *See also* Plaintiff's Memorandum  in Opposition

to Defendants' Motion to Strike (ECF No. 42) at 11 ["With respect to songs uploaded by certain

long-standing record labels, for example, Defendants may be able to establish that those record

labels obtained controlled composition licenses for all of those songs."]; Op. at 7 (observing that

Plaintiff  alleges that the "digital music aggregators including Orchard do not *always* properly

license the music sold to digital music sites.").[5]  By appropriately using language such as "do not

always," Plaintiff acknowledges that any unauthorized distributions are the exception to the

rule.[6]

Indeed, a comparison of Plaintiff's class definitions in his original Complaint and

Amended Complaint confirms that the class Plaintiff identifies in the Amended Complaint will

necessarily include members who have no injury.  (*Cf.* Compl. ¶ 7 and Am. Compl. ¶ 52.)

Plaintiff's new class definition includes *every single registered copyright owner or co-owner*

*whose composition(s) are embedded in tracks distributed* on *every Defendant's retail site—at*

least most, if not all, of whom are being paid royalties based on sales through the digital retail

sites, thus being benefitted rather than harmed by Defendants' services.  (*See* Am. Compl. ¶¶ 62-

68, 88.)  Thus, although Plaintiff alleges in a cursory fashion that "Defendants' illegal practices

have targeted and affected *all* members of the Class in a similar manner, *i.e.*, they have *all*

---

[5] As the Court observed, "Defendants bristle at Blagman's assertion of system-wide infringement as implausible under *Twombly*." (Op. at 6, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).)  Not only is actual proof of these facts "improbable," such that "a recovery is very remote and unlikely" (*id.*), but this assertion is also belied by Plaintiff's other assertions in both the original and Amended Complaints.

[6] Plaintiff's reliance on The Orchard's 2009 10-K filing as evidence that The Orchard "does not obtain the required mechanical licenses for all the music it distributes" (Am. Compl. ¶ 110) is also illustrative here.  To the extent that this securities disclosure is relevant to this case—and as Defendants have explained in their Motion to Dismiss, it is not relevant whatsoever to the plausibility of Plaintiff's claim—it further demonstrates that the failure to obtain licenses is, at best, a remote risk.  *See id.*

sustained damages arising out of Defendants' willful conduct in violation of the Copyright Act"

(Am. Compl. ¶ 55) (emphasis added), it is clear from Plaintiff's own allegations concerning

industry practices, as well as its own previous proposed class definition, that even Plaintiff does

not believe this to be a true statement.[7]  *See Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D.

70, 75 (S.D.N.Y. 1986) (rejecting plaintiff copyright owner's argument that "the defendant's

industry-wide policy of circumventing a uniform statutory scheme for copyright licensing

create[d] an 'injury in fact' to all members of the plaintiff class" and holding that consequently,

plaintiff lacked standing to bring copyright infringement suit).

### III.    The Standing Deficiency Requires Immediate Dismissal Of The Class Claims Rather Than Modification Of The Class Definition At A Later Stage

The Court appeared to base its decision in part on its conclusion that legal precedent

permitted the Court to defer consideration of Defendants' arguments regarding class standing.

Op. at 11 ("[T]his court can modify the class if later it becomes clear that any of the putative

class members do not have standing."); *id.* ("the court has other available mechanisms for

determining the size or propriety of a class at the appropriate stage").  Respectfully, the Court

overlooked the controlling legal authority requiring the Court to dismiss a claim as soon as a

standing deficiency becomes apparent because the Court lacks subject matter jurisdiction over

the claim.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action.").

---

[7] The Court noted, in connection with analyzing the sufficiency of the class allegations, that because Plaintiff had "alleged a system of infringement in obtaining musical compositions without a license," and "the proposed class is limited to owners whose copyrighted works 'have been reproduced, distributed, or sold by Defendants,' the alleged system of infringement would affect them."  (Op. at 12.)  Defendants respectfully submit that this is incorrect both insofar as (i) plaintiff's pleadings and memoranda of law quoted above establish that there are systems/industry practices in place which demonstrate the opposite, *i.e.*, that licenses *are* ordinarily secured, and (ii) to "limit" the class to all owners of the tens of millions of works sold by the music industry's largest online music retailers is no limitation at all.

Defendants agree with the Court that if there were any reason to believe that *every* proposed class member had suffered an injury, such allegations might conceivably justify limited class discovery into that issue—after which the Court could narrow the class to exclude those who have no injury and thus no standing.  *Cf.* Op. at 11, citing *New Jersey Carpenters Health Fund v. Residential Capital LLC*, 288 F.R.D. 290, 295-96 (S.D.N.Y. 2013);[8] *Janes v. Triborough Bridge & Tunnel Auth.*, 889 F. Supp. 2d 462, 466 (S.D.N.Y. 2012).[9]  But here, the lack of injury, and the resulting defect in standing, is both apparent on the face of the class definition and effectively conceded by Plaintiff.  Thus, the Court can determine that it lacks subject matter jurisdiction over this proposed class without the need for any class discovery.  Since it is now apparent that the Court lacks subject matter jurisdiction over Plaintiff's proposed class, the Court must dismiss the class claims.

---

[8] In *New Jersey Carpenters Health Fund*, the plaintiffs originally asserted claims in over 70 different securities offerings, even though they had purchased certificates in only some of the offerings.  The court found that the plaintiffs had standing only with respect to the specific offerings whose certificates they had purchased, and dismissed all but the claims based on those purchased certificates.  288 F.R.D. at 292.  The court later granted motions to intervene by plaintiffs who had purchased certificates in the offerings at issue in the dismissed claims, and ultimately granted class certification, but narrowed consolidated plaintiffs' proposed class to address a time-bar issue with respect to certain class members.  *Id*.  Thus, the court *did not* allow a claim to proceed where the plaintiffs lacked standing, only to address that defect later by narrowing the class. Rather, *the court dismissed the claim at the outset where a lack of standing was apparent*, and only narrowed the class later to address the impact of an affirmative defense.  *Id*.

[9] In *Janes*, the court granted a motion for reconsideration and narrowed a proposed class due to lack of standing to *pursue forward-looking injunctive relief*—but the plaintiffs who lacked standing to pursue that remedy were still potentially entitled to damages based on the past harm they had suffered.  889 F. Supp. 2d at 464.  The court in *Janes* had not allowed a class claim to proceed to discovery where the class patently included members who had not suffered any injury whatsoever; that is a jurisdictional defect that must be cured as soon as it is observed.  *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider Defendants' motion to dismiss Plaintiff's class action complaint, due to a lack of Article III standing.

Dated:  June 3, 2013

**MAYER BROWN LLP**

*/s/*  A. John P. Mancini_____
A. John P. Mancini
Matthew D. Ingber
Allison Levine Stillman
1675 Broadway
New York, NY  10019
jmancini@mayerbrown.com
mingber@mayerbrown.com
astillman@mayerbrown.com
Tel:  212.506.2295
Fax:  212.849.5895

*Attorneys for Defendant Google Inc.*

**KING & SPALDING, LLP**

*/s/*  Kenneth L. Steinthal_____
Kenneth L. Steinthal
Joseph R. Wetzel
101 Second Street
Suite 2300
San Francisco, CA 94105
ksteinthal@kslaw.com
jwetzel@kslaw.com
Tel:  415.318.1200
Fax:  415.318.1300

*Attorneys for Defendants Amazon.com, Inc.,
Microsoft Corporation, eMusic.com Inc., The
Orchard Enterprises, Inc., and Orchard
Enterprises NY, Inc.*

GIBSON, DUNN & CRUTCHER LLP

/s/  Gail E. Lees
Gail E. Lees (*Pro Hac Vice Admission Pending*)
Gabrielle Levin
200 Park Avenue, 48th Floor
New York, NY 10166
glees@gibsondunn.com
glevin@gibsondunn.com
Tel:  212.351.4000
Fax:  212.351.4035

**Attorneys for Defendant Apple Inc.**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

Dated this 3rd day of June, 2013.　　　　 　/s/　A. John P. Mancini_____

　　　　　　　　　　　　　　　　　　　　 A. John P. Mancini