SCHWARTZ & PONTERIO, PLLC
ATTORNEYS AT LAW
134 West 29th Street – Suite 1006
New York, New York 10001-5304
Tel. No.: (212) 714-1200
Fax No.: (212) 714-1264
Email: mschwartz@splaw.us

October 2, 2013

**BY ECF**

Hon. James C. Francis, IV
United States District Court
Southern District of New York
500 Pearl Street – Courtroom 18D
New York, NY 10007

Re: Blagman v. Apple, et al. (Dkt. No. 12 Civ. 5453)

Dear Judge Francis:

We represent Plaintiff Norman Blagman and the proposed class in the above matter which has been assigned to Your Honor for all pre-trial matters, including discovery. We annex a Proposed Joint Discovery Plan that has been agreed to and signed by counsel for all parties which we respectfully request that Your Honor "So Order".

Thank you.

Very truly yours,

Matthew Schwartz

MS:ag
Enclosure

cc: All Counsel of Record (by e-mail)

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NORMAN BLAGMAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE INC., AMAZON.COM, INC., GOOGLE INC., MICROSOFT CORPORATION, EMUSIC.COM INC., THE ORCHARD ENTERPRISES INC., ORCHARD ENTERPRISES NY, INC., and John Does 1-10, persons and entities whose identities are unknown to Plaintiff but who have performed and participated in the unlawful acts alleged herein,<br><br>            Defendants. | : : : : : : : : : : | Docket No. 12 CIV 5453 (ALC) |

## PROPOSED JOINT DISCOVERY PLAN

**I.     SCHEDULE – AS ORDERED BY THE COURT ON JULY 9, 2013:**

The parties incorporate by reference the Scheduling Order entered by the Court on July 9, 2013 [Dkt. No. 59].

**II.    STATEMENT OF ANY LIMITATIONS TO BE PLACED ON DISCOVERY, INCLUDING ANY PROTECTIVE OR CONFIDENTIALITY ORDERS:**

A.     **Protective Order.**  The parties have reached agreement on all items in the Proposed Protective Order, which is attached as Exhibit A.

B.     **Format of discovery/ESI.**  The parties will negotiate an ESI Plan and agree to address hard copy production format as part of that proposal.

C.     **Expert Depositions**.  No subpoenas need be served on any testifying expert for whom a report is provided.  Instead, the party or parties retaining such expert will make such expert available for deposition, at a time mutually agreed to by the parties, consistent with the Court's scheduling order.  Unless otherwise agreed between the parties, depositions of experts will be held at a location specified by counsel for the party producing the witness.

D.   **Additional Limitations on the Scope of Discovery**:

1.   Defendants believe the relevant time period for discovery in this case is July 13, 2009 to July 13, 2012.  Plaintiffs believe the relevant time period for discovery in this case is July 13, 2009 to the present.  The parties have agreed to submit this dispute to the Court.

2.   Pending resolution of this dispute, Defendants will produce discovery for the period July 13, 2009 to July 13, 2012.

III.   **PHASE 1 DISCOVERY:**

A.   The Defendants have agreed to produce the following requested discovery, subject to the entry of a Protective Order, subject to compliance with any applicable notice provisions, and only related to the time period between July 13, 2009 to July 13, 2012 for the reasons set forth in Section II(D)(2) (hereinafter, for purposes of this Discovery Plan, "Relevant Period").

B.   **Blagman-Specific Discovery**.  All Defendants have agreed to produce documents relating to the "digital phonorecord delivery" (as that term is defined in 17 U.S.C. § 115(d)) of the sound recordings listed in Exhibit D to the Amended Complaint (the "Blagman Tracks"), as follows:

1.   On or before September 30, 2013, Defendants will produce the contracts in Defendants' possession between the Retailer Defendants[1] and the relevant entities, which may include Orchard, IRIS, Believe Digital, Entertainment One, Empire Music Distribution, and/or Zojak World Music, authorizing the digital phonorecord delivery of the Blagman Tracks to customers of the Defendants with a billing address located in the United States during the Relevant Period.

2.   On or before September 30, 2013, Orchard will produce the contracts, to the extent any exist, between Orchard and the relevant Record Labels[2] authorizing the digital phonorecord delivery of the Blagman Tracks to customers of the Defendants with a billing address located in the United States during the Relevant Period.

3.   On or before September 30, 2013, Defendants will produce any documents in Defendants' possession that authorize them to reproduce or distribute the nondramatic musical works embodied in the Blagman Tracks by means of a

---

[1]   "Retailer Defendants" are Apple Inc., Amazon.com Inc., EMusic.com Inc., Google Inc., and Microsoft Corporation.  Terms not defined herein shall have no other meaning.

[2]   "Record Labels" in this document refers to Cleopatra Records, Inc., (listed in the online music stores as Master Classics Records), HHO Multimedia (Bringins Music), P.E.R. Records, Maestro Entertainment Corp. (Synergy Records), TVI Records & Filmworks, Inc. (listed in the online music stores as Classic Records), One Media Publishing, THS Records, Angeli Record, East Side Records, and Andys/Jahmel Music.

digital phonorecord delivery to customers of the Defendants with a billing address located in the United States during the Relevant Period.

4.  Defendants will produce, for each of the Blagman Tracks, Defendants' Catalog Information, to the extent such information is readily available in the Defendants' systems, for the digital phonorecord delivery of the Blagman Tracks to customers of the Defendants with a billing address located in the United States during the Relevant Period.  Catalog Information includes:  Title of work; Recording artist; Album; Record label; Composer; Publisher; Aggregator; ISRC; UPC; Date of delivery of the digital file containing the Blagman Track from the Supplier[3]; Date that the digital file containing the Blagman Track was first available for sale on the retail site; Number of digital phonorecord deliveries of the digital file; and length of the sound recording embodied in the digital file (the "Catalog Information").  Defendants will produce Catalog Information for the Blagman Tracks—excluding Composer and Publisher information—on or before September 30, 2013.  Defendants will produce all Catalog Information including Composer and Publisher information on or before October 30, 2013.  Plaintiff acknowledges that any Catalog Information produced by Defendants is produced "as is," meaning (to the extent it is available in their systems at all) as it was provided to Defendants by the Supplier.

C.  **Orchard Class Certification Discovery**.  The Orchard Defendants agree to provide discovery as follows:

1.  On or before September 30, 2013, Orchard will produce the documents requested in Request Nos. 31-32 of "Plaintiff's First Request for Production of Documents and Things by Orchard," attached as Exhibit B.  On or before October 30, 2013, Orchard will produce the documents requested in Request No. 2 of same.

2.  Orchard will appear for a 30(b)(6) deposition at a time and place to be agreed to by the parties and pursuant to an amended 30(b)(6) notice in accordance with Section III(D)(3) below.

3.  On or before September 30, 2013, Orchard will produce a summary list showing the name of any Supplier with more than 1,000 track identifiers in the Orchard's database as of July 23, 2013 (unique tracks may have more than one track identifier assigned to them depending on whether the Supplier has recoded the tracks).  On or before October 30, 2013, Orchard will produce, to the extent reasonably available, the address and phone number of any Supplier with more than 1,000 track identifiers in the Orchard's database as of July 23, 2013.  Plaintiff acknowledges that address and/or phone number information produced by Orchard is produced "as is," meaning, to the extent it is reasonably available, as it is kept by the Orchard in the ordinary course.

---

[3]  "Supplier" includes the aggregator or label providing the digital file.

D.     **Retailer Defendants' Class Certification Discovery**.  The Retailer Defendants agree to provide discovery as follows:

1.   On or before September 30, 2013, to the extent such documents can reasonably be prepared, the Retailer Defendants will produce a summary list showing the name of any Supplier with more than 1,000 digital tracks offered for digital phonorecord delivery in each Retailer Defendants' online music store, as of the date the search for such data is run.  On or before October 30, 2013, the Retailer Defendants will produce, to the extent reasonably available, the name, address, and phone number ("Contact Information") of any Supplier with more than 1,000 digital tracks offered for digital phonorecord delivery in each Retailer Defendants' online music store, as of the date the search for such data is run.  Plaintiff acknowledges that the Contact Information produced by the Retailer Defendants is produced "as is," meaning, to the extent it is reasonably available, as it is reflected in Defendants' systems.

2.   On or before September 30, 2013, and to the extent not duplicative of material produced by another party, Apple Inc. ("Apple") will produce all contracts between Apple and five labels (Warner, Universal, BMG, EMI, and Sony) that relate to the digital phonorecord delivery of sound recordings through the iTunes store to customers of Apple with a billing address located in the United States during the Relevant Period.

3.   Within seven (7) days of the Court's entry of an order approving this Discovery Plan, Plaintiff will serve amended notices of deposition pursuant to Fed. R. Civ. P. 30(b)(6) on the Retailer Defendants.  The Retailer Defendants will have twenty (20) days to serve written objections to the 30(b)(6) deposition notices served by Plaintiff, and the parties will meet and confer in a good faith attempt to resolve any disputes regarding the noticed topics of the 30(b)(6) depositions (the "30(b)(6) Topics").  Failing agreement, the parties will submit any disputes concerning the 30(b)(6) depositions and/or the 30(b)(6) Topics for resolution by the Court.

4.   Patrick Sullivan will be designated as a party witness of Defendant Google Inc., for purposes of testimony relating to his employment at Google and/or RightsFlow only.  To the extent Plaintiff requests testimony pertaining to Mr. Sullivan's employment at eMusic, Orchard, and/or any other entity, those entities shall have the right and opportunity to object to Plaintiff's request and defend any deposition testimony provided by Mr. Sullivan with respect to those entities.  Plaintiff will serve a deposition notice relating to Mr. Sullivan, specifically identifying all topics of requested testimony, and Google will produce him for a deposition at a time and place to be agreed to by the Parties.

E.   **Miscellaneous**.  The parties further agree as follows:

1. Except as otherwise provided herein, the following discovery requests previously served by Plaintiff are withdrawn:  30(b)(6) Notices (served in May 2013); "Plaintiff's First Document Demands" (served in June 2013); and "Plaintiff's First Amended Document Demands" (served in August, 2013). Plaintiff agrees that Defendants' time to respond to "Plaintiff's Second Document Demands,"  "Plaintiff's Third Document Demands," and "Plaintiff's First Interrogatories" is tolled for the period from the date of service and continuing so long as the parties continue to meet and confer in good faith with respect to the issues set forth in Section IV(A) below.

2. If, following review of the summary lists to be provided by Defendants, Plaintiff wishes to identify additional discovery regarding class certification (e.g., record labels, nondramatic musical works, sound recordings), the parties will meet and confer with respect to that additional discovery sought. Defendants reserve all rights to object to any additional discovery sought by Plaintiff.

3. In the event that Plaintiff seeks additional discovery beyond what is described herein or as agreed to by the parties, Plaintiff will serve formal discovery requests pursuant to the Federal Rules of Civil Procedure, and Defendants will respond, object, and meet and confer, as appropriate.

4. Defendants will serve formal discovery requests and meet and confer with Plaintiff to discuss any objections in a timely fashion.

## IV.   REQUESTS SUBJECT TO FURTHER MEET AND CONFER

A.   Plaintiff has requested certain additional categories of documents from Defendants that the parties do not believe are ripe for submission to the Court. These requests are as follows:

1. **Documents Relating to Other Sound Recordings Embodying Blagman Compositions.**  Plaintiff has requested that Defendants produce the categories of documents listed in Section III.B relating to the digital phonorecord delivery of sound recordings beyond those listed in Exhibit D to the Amended Complaint.  The list of additional sound recordings is attached as Exhibit C.

2. **Sound Recordings**.  Plaintiff has requested that Defendants produce a copy of the digital sound recording of each Blagman Track and the associated metadata.

3.   **Discovery Relating to Cleopatra, TVI, and CGH**.[4]  Plaintiff has requested that all Defendants agree to produce documents relating to the digital phonorecord delivery of sound recordings provided by Cleopatra Records Inc. ("Cleopatra"),[5] TVI Records & Filmworks, Inc. ("TVI"),[6] and CGH Ventures, Inc. ("CGH")[7] as follows:

(i)   All contracts in Defendants' possession between any Defendant and Cleopatra, TVI, and CGH operative during the Relevant Period authorizing the digital phonorecord delivery of sound recordings during the Relevant Period.

(ii)   Catalog Information for the digital phonorecord delivery of sound recordings supplied directly by Cleopatra, TVI, and CGH during the Relevant Period.

(iii)   Any documents in Defendants' possession that authorize them to reproduce or distribute the nondramatic musical works embodied in the sound recordings supplied directly by Cleopatra, TVI, and CGH by means of a digital phonorecord delivery during the Relevant Period.

(iv)   The sound recordings provided by Cleopatra, TVI, and CGH to the Defendants for sale in the online music stores

(v)   Any takedown notices received by any of the Defendants relating to tracks offered for sale in the online music stores by Cleopatra, TVI, or CGH.

4.   Plaintiff's Apple Document Requests Nos. 19-25.

B.   With the parties reserving all rights, the parties agree to meet and confer with respect to these requests on or before October 14, 2013.  Should the parties fail to reach agreement with respect to these requests, the parties will submit any disputes to the Court for resolution.

## V.   RESOLUTION OF CURRENT DISCOVERY DISPUTES:

A.   The parties acknowledge that there are certain disputes upon which they have met and conferred in good faith and which are ripe for adjudication by the Court.

---

[4]   The discovery described in Section IV(A)(3) is in addition to the Blagman-Specific discovery described in Section II(B) which the Defendants have agreed to provide.

[5]   "Cleopatra" includes Goldenlane Records, Holiday Classic Records, Holiday Classics Records, Master Classics, Master Classics Records, Rockabilly Records, Rock-A-Billy Records, Screenland Records, Soundtrack Classics, Stardust, Stardust Records, and Vintage Masters Inc.

[6]   "TVI" includes Classic Records, Country Music Group, Dobre Classic Media, Dobre Records, Jazz All Stars, Ling Music Group, Serenia Media, and Soul Classics.

[7]   "CGH" includes Antico Enterprises, CGH Ventures, Inc., Classic Hits Company, M9 Music, Maximuze, and Roqua International.

B.     The disputes are as follows:

1.   Whether the jurisdictional scope of discovery is limited to the United States, and whether transactions resulting in a digital phonorecord delivery to customers of the Defendants with a billing address located outside of the United States are outside the scope of this litigation.

2.   Whether the relevant time period for discovery includes the time after the lawsuit was filed.

3.   The scope of Patrick Sullivan's deposition regarding his prior testimony as an expert witness in the lawsuits identified in Plaintiff's First Document Demands.

4.   The scope and amount of third-party discovery relating to class certification.

C.     Within fourteen (14) days of the Court's entry of an order approving this Discovery Plan, the parties will submit letter briefs to the Court outlining their positions on these disputes.

## VI.     AMENDMENT AND ALTERING OF SCHEDULING ORDER:

This Scheduling Order may be altered or amended in accordance with Fed. R. Civ. P. 16.

## VII.     PROVISION FOR APPROVAL OF THE COURT AND SIGNATURE LINE FOR THE COURT

ORDERED, that this proposed scheduling order has been agreed to by the parties in the

above-captioned action, and is deemed sufficient.

Dated:  New York, New York
        October 1, 2013

SCHWARTZ & PONTERIO, PLLC

By:   /s/ Matthew F. Schwartz
      Matthew F. Schwartz
      Brian S. Levenson
      134 West 29th Street, Suite 1006
      New York, NY 10001
      Telephone: (212) 714-1200

GISKAN SOLOTAROFF
ANDERSON & STEWART LLP
Oren S. Giskan
Jason L. Solotaroff
11 Broadway - Suite 2150
New York, NY 10004
Telephone: (212) 847-8315

*Attorneys for Plaintiff and Proposed Class*

7

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Gail Lees
       Gail Lees
       Gabrielle Levin
       200 Park Avenue
       New York, NY 10166
       Telephone: (212) 351-4000

*Attorneys for Defendant Apple Inc.*

KING & SPALDING LLP                          MAYER BROWN LLP

By:   /s/ Kenneth L. Steinthal        By:   /s/ A. John P. Mancini
       Kenneth L. Steinthal                  A. John P. Mancini
       Joseph R. Wetzel                      Allison Levine Stillman
       Blake Cunningham                      1675 Broadway
       101 2nd Street Suite 2300             New York, NY 10019
       San Francisco, CA 94105               Telephone: (212) 506-2295
       Telephone: (415) 318-1200

*Attorneys for Defendants Amazon.com*        *Attorneys for Defendant Google Inc.*
*Inc. Microsoft Corporation, EMusic.com*
*Inc., The Orchard Enterprises, Inc., and*
*Orchard Enterprises NY, Inc.*

SO ORDERED:

_____
James C. Francis IV, U.S.M.J.

EXHIBITS

   A.     Protective Order

   B.     Plaintiff's First Request for Production of Documents and Things by Orchard

   C.     List of additional tracks embodying the Blagman Compositions

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NORMAN BLAGMAN, individually and on behalf of
all others similarly situated,

          Plaintiff,

          v.

APPLE INC., AMAZON.COM, INC., GOOGLE INC.,
MICROSOFT CORPORATION, EMUSIC.COM INC.,
THE ORCHARD ENTERPRISES, INC.,
ORCHARD ENTERPRISES NY, INC.,
And John Does 1-10, persons and entities whose
identities are unknown to Plaintiff but who have
performed and participated in the unlawful acts alleged
herein,

          Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/26/13__

1:12-CV-5453 (ALC)

## ~~[PROPOSED]~~ AGREED PROTECTIVE ORDER
## FOR THE TREATMENT OF CONFIDENTIAL INFORMATION

The parties anticipate that documents, testimony, or information containing or reflecting
confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be
disclosed or produced during the course of this litigation. To expedite the production of
discovery material, to facilitate the prompt resolution of disputes over confidentiality of
discovery material, to adequately protect information the parties are entitled to keep confidential,
to ensure that only the materials the parties are entitled to keep confidential are subject to such
treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential
discovery material in preparation for and in the conduct of this litigation, pursuant to Fed. R. Civ.
P. 26(c), it is hereby ORDERED THAT:

## I.    INFORMATION SUBJECT TO THIS ORDER

### A.    Protected Information Generally

       1.    All documents, tangible things, physical objects, written discovery
responses, responses to requests for admission, testimony, transcripts, data, or other information
and/or materials produced by any party or any non-party in this litigation are considered
"Discovery Material." This Order applies not only to Discovery Material produced in this
litigation, but also to any information copied or extracted therefrom, as well as all copies,
excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by
parties or counsel to or in court or in other settings that might reveal Protected Information, or
otherwise reflecting Protected Information, in any form. "Protected Information" is information

1

that is non-public and (i) concerns or relates to proprietary commercial or business information, including, but not limited to, trade secrets, financial data, pricing information, contracts and agreements, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information; (ii) must be held confidential to protect personal privacy interests; (iii) was obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iv) the producing party is under a legal obligation to maintain as confidential; (v) constitutes or reflects commercial agreements, settlement agreements or settlement communications; and/or (vi) the producing party or non-party in good faith believes is subject to a compelling need for privacy. Protected Information is CONFIDENTIAL if it is information that falls within subsections (i)-(vi) above and is confidential and commercially sensitive. Protected Information is CONFIDENTIAL – OUTSIDE COUNSEL ONLY if it is information that falls within subsections (i)-(vi) above, and contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury.

Any Discovery Material containing or including Protected Information may be designated as such by the producing party by marking it "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," on each page, on the cover of any multi-page document, or on the exterior of the container in which the information is stored, prior to or at the time copies are furnished to the receiving party, and shall be treated in accordance with the terms of this Order.

2.      All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3.      Any Discovery Material (including physical objects and tangible things) made available for inspection by counsel for the receiving party prior to producing copies of items selected by the receiving party shall initially be considered, as a whole, to constitute Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY prior to furnishing copies to the receiving party.

4.      A party may upward designate (i.e., change any documents or other material produced without a designation to a designation of CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or change any Protected Information produced as CONFIDENTIAL to a designation of CONFIDENTIAL – OUTSIDE COUNSEL ONLY) any Discovery Material produced by any other party or non-party, provided that said Discovery Material contains the upward designating party's own Protected Information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the producing party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a party from obtaining the agreement of all

2

parties to upward designate certain Discovery Material or from moving the Court for such relief.
Any party may object to the upward designation of Discovery Material pursuant to the
procedures set forth herein regarding challenging designations.

        5.       Nothing in this Order shall limit any producing party's review, use or
disclosure of its own Protected Information in any manner that it deems appropriate.

        6.       The following Discovery Material is not Protected Information:

                a.       Any Discovery Material that is or, after its disclosure to a receiving
party, becomes part of the public domain as a result of publication not involving a violation of
this Order or other obligation to maintain the confidentiality of such material;

                b.       Any Discovery Material that the receiving party can show was
already publicly known prior to the disclosure; and,

                c.       Any Discovery Material that the receiving party can show by
written records was received by it from an alternate source that obtained the material lawfully
and was under no obligation of confidentiality to the producing party.

        7.       The parties agree that this Order does not address the production of source
code (including source code and source code listings, object code and object code listings,
executable code and similar sensitive software code, whether in electronic or printed form).
Should such source code be identified for production, the party requesting the source code will
provide notices to all other parties before engaging the producing party in negotiations regarding
a source code protective order and all parties will collectively negotiate a protective order
governing the production of source code.

        8.       During the course of this action, a party or non-party may be requested to produce
information that is subject to contractual or other obligations of confidentiality owed to a non-
party. The party or non-party subject to the contractual or other obligation of confidentiality
shall promptly contact the person to whom the obligation is owed to determine whether that
person is willing to permit disclosure of the confidential information under the terms of this
Order. If that person is so willing, the information, if otherwise discoverable, shall be produced
in accordance with this Order. If the person to whom the obligation is owed is not willing to
permit disclosure of the confidential information under the terms of this Order, or fails to
respond before responses or production is due, the party seeking the information in this litigation
shall be so notified and given a description of the documents withheld, the reason for
withholding the documents, the person to whom the obligation of confidentiality is owed and the
person's contact information. This description shall be produced as promptly as practicable. In
the event the requesting party still seeks production of the material, the requesting party shall
submit the dispute to the Court for resolution.

**B.**    **Protected Information Designated Confidential**

        1.       Protected Information designated CONFIDENTIAL and the contents
therein shall be available only to:

3

     a.     Outside litigation counsel of record for the parties and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

     b.     The former and current officers, directors, and employees (including in-house counsel and in-house legal staff) of the receiving party to whom disclosure is reasonably necessary for this litigation;

     c.     Technical advisers and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A. Subject to any applicable restrictions, said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. The term "technical adviser" shall mean independent outside expert witnesses, consulting experts, or consultants (i.e., not employees of a party) retained by counsel of record for the parties who are deemed reasonably necessary to assist such counsel in connection with this litigation, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such advisor is not anticipated at the time of retention to become an officer, director or employee of a party; (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Section III;

     d.     Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A. Subject to any applicable restrictions, counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel at the conclusion of the case;

     e.     Any fact witness during the course of a deposition subject to the provisions of section V herein;

     f.     The Court and its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors; and

     g.     Any other persons as to whom all the parties in writing agree, provided that such persons have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A.

4

2.      Only those persons permitted to review Protected Information designated
CONFIDENTIAL may attend depositions at which Protected Information designated
CONFIDENTIAL is used or discussed.

3.      A receiving party may disclose to mock jurors materials prepared by any
outside litigation counsel of record that are derived from information or items designated
CONFIDENTIAL, so long as the derivative materials do not include the as-produced
information itself.  Before a mock juror receives such information, the mock juror must first been
given a copy of this Order and have executed the Confidentiality Agreement attached hereto as
Attachment A.  The mock juror to whom the Protected Information is disclosed shall not give,
show, or otherwise divulge any of the information contained therein to any entity or person
except as specifically provided for by this Order.

### C.      Information Designated Confidential – Outside Counsel Only

Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the
contents therein shall be available only to the persons or entities listed in paragraphs I.B.1.a, c, d,
e, f, and g, subject to any terms set forth or incorporated therein.

## II.     USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

In the event that a party intends to use any Protected Information on its direct case during any
hearing or trial, that party shall provide a minimum of two (2) business days' notice to the
producing party.  In the event a party intends to use any Protected Information on cross-
examination or in any other way during any hearing or trial, that party shall provide sufficient
notice to the producing party that an objection may be made and/or the use of the Protected
Information may be shielded from public disclosure.  Subject to challenges under section IV, the
parties will not oppose any reasonable request by the producing party that courtroom be sealed, if
allowed by the Court, during the presentation of any testimony, evidence, or argument relating to
or involving the use of any Protected Information.

## III.    DISCLOSURE TO EXPERTS OR TECHNICAL ADVISERS

### A.      Purpose

Protected Information designated by the producing party and such copies of Protected
Information as are reasonably necessary for maintaining, defending, or evaluating this litigation
may be furnished and disclosed to the receiving party's experts and/or technical advisers and
their necessary support personnel.

### B.      No Disclosure Without Protective Order Subscription

No disclosure of Protected Information to an expert or technical adviser or their necessary
support personnel shall occur until: (1) that person has signed the form attached hereto as
Attachment A and (2) the parties have either agreed on the Expert/Adviser Disclosures required
for that person or the Court has entered an order stating what Expert/Adviser Disclosures are
required for that person.  For purposes of this Protective Order, "Expert/Adviser Disclosure"
shall be information sufficient to allow the producing party to assess whether that disclosure of

its Protected Information to the expert or technical adviser will result in specific business or economic harm to that party.  .

### C.  Prior Notice of Intent to Disclose Protected Information to an Expert or Technical Advisor

A party desiring to disclose Protected Information to an expert or technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation setting forth with particularity the Bates ranges of documents the party intends to disclose and Expert/Adviser Disclosures concerning the expert or technical adviser. The producing party shall have ten (10) business days after such notice is given to object in writing to the disclosure. No Protected Information shall be disclosed to such expert(s) or adviser(s) until after the expiration of the foregoing notice period and resolution of any objection. No Protected Information other than Bates ranges of information specifically identified in the notice of intended disclosure may be disclosed. If a party seeks to disclose additional Bates ranges of Protected Information to an expert or technical adviser, the party must provide new notice of the intended disclosure to all counsel of record in the litigation and the producing party shall have the opportunity to object pursuant to the procedures set forth herein.

### D.  Objections to Technical Advisors

A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific Bates ranges of documents that are the subject of the objection and meet and confer with the objecting party. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

### E.  Resolution of Objections to Technical Advisors

If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser or withdraw the Bates ranges that are the subject of the objection, that party shall provide notice to the objecting party. Thereafter, the objecting party may move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period, absent an agreement of the parties to the contrary or for an extension of such ten (10) business day period, shall operate as an approval of disclosure of the identified Bates ranges of Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

### F.  Burden for Objections to Technical Advisors

1.     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. For purposes of this paragraph, "good cause" includes, but is not limited to, a particularized showing that: (i) the Protected Information is confidential commercial information, (ii) disclosure of the Protected Information is likely to harm the objecting party's business, or (iii) the challenged

6

technical advisor currently has, previously had, or is reasonably likely in the future to develop, a relationship with a competitor of the producing party that would create a reasonable risk of disclosure, whether intentional or not, of the Protected Information or any part of it to that competitor.

      2.    A party who has not previously objected to disclosure of Protected Information to a technical adviser or whose objection has been resolved with respect to previously produced Protected Information shall not be precluded from raising an objection to a technical adviser at a later time with respect to Protected Information that is produced after the time for objecting to such a technical adviser has expired. Any such objection shall be handled in accordance with the provisions set forth above in section III.

## IV.   CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

### A.   Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information. Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

### B.   Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of Protected Information, such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the Protected Information that the receiving party contends should be differently designated, including the production Bates number(s). The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The receiving party must certify in its request that it has engaged the producing party in the required informal effort to resolve the issue, and must include in its request the producing party's stated reasoning for the designation. The burden of demonstrating the confidential nature of Protected Information shall at all times be and remain on the designating party.

### C.   Treatment of Protected Information During Challenge to a Designation

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information in issue shall be treated as having been properly designated and subject to the terms of this Order.

7

## V.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

### A.    Restrictions on Use of Protected Information

All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of the prosecution, defense, or settlement of this litigation, shall not be used for any other purpose, including, without limitation, any other business or competitive purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

### B.    Examinations and Court Filings Concerning Protected Information

1.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a.    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

b.    A former director, officer, agent and/or employee of a producing party may be examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c.    Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.

2.    Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination or testimony concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination or testimony. If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination or testimony, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination or testimony. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

3.    Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in

8

this litigation. Every fact witness shall be shown a copy of this Order. No fact witness may retain any documents designated as Protected Information.

      4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise. To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information. Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within three (3) business days.

      5.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

      6.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to persons qualified to receive Protected Information under this Order. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

      7.      Testimony given at deposition may be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by any party or non-party by making a statement orally to that effect on the record at any time during the deposition. Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any party or non-party may request that the original and all copies of the deposition transcript, in whole or in part, be marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Confidential designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript and/or portions of the recording that should be treated as Protected Information. In the case of a non-party witness, testimony can be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by a party, the non-party witness or upon agreement of the parties. All transcripts or recordings of depositions or other pretrial proceedings shall be treated by default as CONFIDENTIAL – OUTSIDE

9

COUNSEL ONLY until the expiration of the time to make a confidentiality designation or until written notice of a designation is received, whichever occurs first, unless otherwise agreed to by the parties. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, and shall label such portions to clearly identify the designation provided. Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in section IV below.

8.     In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

9.     Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Information based on the designation of such Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

## C.     Unauthorized Disclosure of Protected Information

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:  (i) notify in writing (by fax or email) the producing party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request that such person or persons execute the confidentiality agreement attached hereto as Attachment A.  Compliance with this paragraph V.C upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph V.D below.

## D.     Violations

If any party violates the limitations on the use of Protected Information as described in this section V, any other party may request that sanctions be ordered by the Court.  In the event motion practice is required to enforce the terms of this Order, and a party is found by a Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

10

## VI.    NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.    Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order
may designate such Discovery Material as Protected Information pursuant to the terms of this
Order.

### B.    Non-Party Access

A non-party's use of this Order to protect its Protected Information does not entitle that non-
party access to the Protected Information produced by any party or non-party in this case.

## VII.   NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of Discovery Material that a party
contends is protected from disclosure by the attorney-client privilege, the work product
immunity, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively
"Privileged Information"). If Privileged Information is nevertheless inadvertently or
unintentionally produced, such production shall in no way prejudice or otherwise constitute a
waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that
inadvertently produces Privileged Information may obtain the return of those materials by
promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege
or immunity. The recipient(s) shall promptly gather and return all copies of the inadvertently
produced Privileged Information to the producing party, or promptly certify in writing to the
producing party that they have been destroyed and/or deleted. Notwithstanding this provision,
outside litigation counsel of record are not required to delete inadvertently produced Privileged
Information that may reside on their respective firm's electronic back-up systems that are over-
written in the normal course of business, provided such inadvertently produced Privileged
Information is not used for any other purpose following counsel's receipt of the producing
party's notice that the Privileged Information should not have been produced. Disputes
regarding whether Discovery Material is discoverable shall be resolved in the same manner as
disputes regarding whether Discovery Material that has been produced qualifies as Protected
Information, subject to the terms of this section VII.

## VIII.  MISCELLANEOUS PROVISIONS

### A.    Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing
(including by fax or email) signed by the attorney-in-charge for the party against whom such
waiver will be effective.

### B.    Inadvertent or Unintentional Production

Inadvertent or unintentional production of documents or things containing Protected Information
that are not designated as one of the categories of Protected Information at the time of production
shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With
respect to documents, the producing party shall immediately upon discovery notify the other

11

parties of the error in writing and provide replacement pages bearing the appropriate
confidentiality legend. In the event of any disclosure of Protected Information other than in a
manner authorized by this Protective Order, including any unintentional or inadvertent
disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing
counsel of all of the pertinent facts, and make every effort to further prevent unauthorized
disclosure including, retrieving all copies of the Protected Information from the recipient(s)
thereof, and securing the agreement of the recipients not to further disseminate the Protected
Information in any form. Compliance with the foregoing shall not prevent the producing party
from seeking further relief from the Court. Compliance with this paragraph VIII.B shall not
excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph
V.D above.

Any party receiving such inadvertently unmarked Protected Information shall, within five (5)
business days of receipt of the substitute copies, destroy or return to the law firm representing the
producing party all copies of such mis-designated documents. Following any redesignation of
material as Protected Information, the receiving such Protected Information shall take reasonable
steps to comply with the redesignation, including, without limitation, retrieving all copies and
excerpts of any redesignated Protected Information from persons not entitled to receive it as re-
designated.

### C.     Conclusion of Litigation

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the
expiration of the deadline for any party to appeal any final judgment or order, each party shall, at
the option of the producing party, either return or destroy all physical objects and documents
which embody Protected Information it has received, and shall destroy in whatever form stored
or reproduced, all physical objects and documents, including but not limited to, correspondence,
memoranda, notes and other work product materials, which contain or refer to any category of
Protected Information. All Protected Information not embodied in physical objects and
documents shall remain subject to this Order. In the event that a party is dismissed before the
entry of a final non-appealable judgment or order, this same procedure shall apply to any
Protected Information received from or produced to the dismissed party. Notwithstanding this
provision, outside litigation counsel of record are not required to delete Protected Information
that may reside on their respective firm's electronic back-up systems that are over-written in the
normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to
maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and
opposing papers and exhibits thereto), written discovery requests and responses (and exhibits
thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or
introduced into evidence at any hearing or trial, and their attorney work product which refers or
is related to any Protected Information designated CONFIDENTIAL or CONFIDENTIAL –
OUTSIDE COUNSEL ONLY for archival purposes only. If a party opts to destroy Protected
Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY,
the party must provide a Certificate of Destruction to the producing party.

### D.     Subpoenas

If at any time documents containing Protected Information produced in this litigation are
subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested

12

in discovery, the person to whom the subpoena or other request is directed shall give written notice thereof within five (5) business days to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Order. The person to whom the subpoena or other request is directed shall also give written notice to the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

### E.    Communications with Testifying Experts

Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

### F.    Post-Filing Communications

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit between and/or among any party, its inside counsel, and/or its outside counsel in this lawsuit related to the prosecution or defense of this lawsuit which absent this provision, the party would have been obligated to so identify on said privilege log.

### G.    Modification of Protections

This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

### H.    No Agreement Concerning Discoverability

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action. The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

**I.     No Limitation on Legal Representation**

Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

**K.     Section Headings**

The section headings used in this Order shall be intended for convenience only and shall not be deemed to supersede or modify any provisions.

**L.     Interpretation, Enforcement and Continuing Jurisdiction**

The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding until the designating party agrees otherwise in writing or a Court order otherwise directs, except with respect to that Discovery Material that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Southern District of New York.

SCHWARTZ & PONTERIO, PLLC                    GIBSON, DUNN & CRUTCHER LLP

By:  _Matthew Schw_                          By:  _Gabh hi_

Matthew F. Schwartz                          Gail Lees
Brian S. Levenson                            Gabrielle Levin
134 West 29th Street, Suite 1006             200 Park Avenue
New York, NY 10001                           New York, NY 10166
Telephone: (212) 714-1200                    Telephone: (212) 351-4000

GISKAN SOLOTAROFF                            *Attorneys for Defendant Apple Inc.*
ANDERSON & STEWART LLP
Oren S. Giskan
Jason L. Solotaroff
11 Broadway - Suite 2150
New York, NY 10004
Telephone: (212) 847-8315

*Attorneys for Plaintiff and the Proposed Class*

14

KING & SPALDING LLP

By: _____

Kenneth L. Steinthal
Joseph R. Wetzel
Blake Cunningham
101 2nd Street Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200

*Attorneys for Defendants
Amazon.com Inc. Microsoft
Corporation, EMusic.com Inc.,
The Orchard Enterprises, Inc.,
and Orchard Enterprises NY, Inc.*

MAYER BROWN LLP

By: _____

A. John P. Mancini
Allison Levine Stillman
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2295

*Attorneys for Defendant Google Inc.*

SIGNED this 26th day of September, 2013.

James C. Francis IV
UNITED STATES DISTRICT JUDGE
USMJ

15

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER
## FOR THE TREATMENT OF CONFIDENTIAL INFORMATION

### CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have been engaged as _____ on

   behalf of _____ in

   the preparation and conduct of litigation styled Blagman v. Apple Inc. et al., 1:12-CV-5453 (ALC).

6. I acknowledge that I have read and understand the Protective Order in this action governing

   the non-disclosure of those portions of Discovery Material that have been designated as

   CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. I agree to comply

   with and be bound by all the provisions of said Order. I agree that I will not disclose such

   Confidential Discovery Material to anyone other than for purposes of this litigation and that

   at the conclusion of the litigation I will return all discovery information to the party or

   attorney from whom I received it. By acknowledging these obligations under the Protective

   Order, I understand that I am submitting myself to the jurisdiction of the United States

   District Court for the Southern District of New York for the purpose of any issue or dispute

   arising hereunder and that my willful violation of any term of the Protective Order could

   subject me to punishment for contempt of Court.

By: _____

Executed on _____, 20____.

16

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NORMAN BLAGMAN, individually and on behalf    :
of all others similarly situated,                 :

                               :

                  Plaintiff,       :      Docket No. 12 CIV 5453 (ALC)

                               :

         -against-                :      **PLAINTIFF'S FIRST**
                               :      **REQUEST FOR**

APPLE INC.,  AMAZON.COM, INC., GOOGLE INC.,  :      **PRODUCTION OF**
MICROSOFT CORPORATION, EMUSIC.COM INC.,  :      **DOCUMENTS AND THINGS**
THE ORCHARD ENTERPRISES, INC.,           :      <u>**BY ORCHARD**</u>
ORCHARD ENTERPRISES NY, INC.,           :
and John Does 1-10, persons and entities whose identities  :
are unknown to Plaintiff but who have performed    :
and participated in the unlawful acts alleged herein,  :

                               :

                  Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, and the Local Rules of this Court, Plaintiff, Norman Blagman, individually and

on behalf of all others similarly situated, by counsel and pursuant to Rule 34 of the Federal Rules

of Civil Procedure, hereby requests that Defendant The Orchard Enterprises, Inc. and Orchard

Enterprises NY, Inc., including all parents, subsidiaries, joint venturers, and affiliates, including

but not limited Digital Music Group Inc., Digital Musicworks International, Inc., Rio Bravo

Entertainment, LLC, Independent Online Distribution Alliance, Inc., Digital Rights Agency, and

IRIS Distribution ("Orchard") produce for inspection and copying, all documents and things

responsive to the following requests at the offices of the undersigned attorneys within 30 days of

service of this request in accordance with the Definitions and Instructions set forth in Exhibits A-

E annexed.

## <u>REQUESTS</u>

Redacted

       2.     All Contracts between Orchard and Apple, Amazon, Google, Microsoft, eMusic,

or any other Online Music Store concerning the reproduction, distribution, and/or sale of Content

Files for Digital Download.

Redacted

Redacted

31.     All Contracts between Orchard and RightsFlow by which RightsFlow was

retained to obtain or confirm Compulsory Licenses for Content Files distributed by Orchard.

32.     All Contracts between Orchard and Harry Fox Agency concerning licensing

Content Files for distribution by Orchard in Online Music Stores.

Redacted

Redacted

Date:   New York, New York
        June 4, 2013

                              SCHWARTZ & PONTERIO, PLLC

                By:   _____
                      Matthew F. Schwartz
                      Brian S. Levenson
                      134 West 29th Street - Suite 1006
                      New York, New York 10001
                      Telephone: (212) 714-1200

                      GISKAN SOLOTAROFF
                      ANDERSON & STEWART LLP
                      Jason Solotaroff
                      Oren Giskan
                      11 Broadway, Suite 2150
                      New York, New York 10004
                      Telephone: (212) 847-8315

                      *Attorneys for Plaintiff and the Proposed Class*

9

# EXHIBIT C

Exhibit C

Additional Blagman Tracks (US)

| # | Owner | Composition | Album | Artist | Label | Digital Music Retailers ** |
|---|-------|-------------|-------|--------|-------|----------------------------|
| 1 | Norman Blagman | It'll Never Be Over For Me | Truly Timi Yuro | Timi Yuro | Eighth Right Records | Amazon, Google |
| 2 | Norman Blagman | It'll Never Be Over For Me | The Genius of Timi Yuro | Timi Yuro | Seventh Right Records | Amazon, Emusic, Google |
| 3 | Norman Blagman | It'll Never Be Over For Me | Timi Yuro Gold | Timi Yuro | Vantage Point | Apple, Amazon, Google |
| 4 | Norman Blagman | It'll Never Be Over For Me | The Classic Decade Presents | Timi Yuro | Magnitude Records | Apple, Amazon |
| 5 | Norman Blagman | It'll Never Be Over For Me | The Queen of R&B, Vol. 1 | Timi Yuro | Magnitude Records | Apple, Amazon, Emusic |
| 6 | Norman Blagman | It'll Never Be Over For Me | Forever Timi Yuro, Vol. 1 | Timi Yuro | Magnitude Records | Amazon, Emusic |
| 7 | Norman Blagman, Gianni C. Bross | Jazz Is His Old Lady & My Old Man | One Night Only! | Earl "Fatha" Hines & Marva Josie | Stardust Records | Apple, Amazon, Emusic, Google |
| 8 | Norman Blagman | Prowl | Popping Popcorn | The Finger Cymbals | Vortex Records | Apple |
| 9 | Norman Blagman | Prowl | Rare Oldies R&B Soul | The Finger Cymbals | Goldenlane Records | Amazon, Apple |

** We have not determined if these tracks are being sold by Microsoft.