Case 1:12-cv-05453-ALC-JCF   Document 125   Filed 05/14/14   Page 1 of 2

# KING & SPALDING

King & Spalding LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

Kenneth Steinthal
Partner
Direct Dial: +1 415 318 1211
Direct Fax: +1 415 318 1300
ksteinthal@kslaw.com

May 14, 2014

RECEIVED MAY 19 2014
CHAMBERS OF JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/14

VIA ECF

Hon. James C. Francis
United States District Court
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

**MEMO ENDORSED**

**CHAMBER'S COPY**

Re: *Blagman v. Apple Inc. et al.*, 12 Civ. 5453

Dear Judge Francis:

My firm represents defendants Amazon.com, Inc., Microsoft Corporation, EMusic.com Inc., The Orchard Enterprises, Inc. and Orchard Enterprises NY, Inc. I write on behalf of all defendants in connection with plaintiff's May 8, 2014 filing (Dkt. No. 124) requesting that Your Honor sign five attached Letters of Request ("Letters") following the Court's decision granting Plaintiff's motion to take discovery of six entities in Europe (Dkt. No. 119). While acknowledging the effect of the Court's decision as granting plaintiff's request for the issuance of the Letters, defendants take issue with the self-serving statements included in the proposed Letters. We understand that the Court may have signed the Letters yesterday, but ask that the Court note defendants' objections as set forth herein (and potentially reconsider the adoption of plaintiff's characterization of several disputed issues within the Letters).

For example, page 2 of each Letter states that "[t]he testimony sought [is] relevant and admissible at trial." Page 2 continues: "[t]he testimony sought ... goes to the heart of significant issues of fact and law that will influence the final determination ... of any liability under the Copyright Act" in this case. Defendants dispute these conclusory statements, and the Court has made no findings as to the ultimate relevance, significance, or admissibility at trial of the testimony sought by plaintiff.

Further, Section 7 of each of the proposed Letters includes conclusory factual and legal statements, all of which are disputed by defendants: *e.g.*, "The Defendants ... have all infringed Plaintiff's copyrights by reproducing, distributing, importing, and selling digital recordings embodying [Plaintiff's] Compositions as individual downloads or as part of various albums without license or authorization. ... During discovery and investigation into these claims, it has become apparent that many of the digital recordings illegally reproduced and distributed by the Defendants are supplied by record labels and aggregators located overseas. ... [Defendants' activities] are ... without license or authorization from the copyright owners and thereby infringing copyrights owned by Plaintiff and members of the class. ... [Deponent] is a resident of

Case 1:12-cv-05453-ALC-JCF Document 125 Filed 05/14/14 Page 2 of 2

May 14, 2014
Page 2

the United Kingdom and the owner of several record labels in England that sell unlicensed music in the Defendants' US online music stores." (See, e.g., Dkt. No. 124-1 at 6-10).

These statements inserted by Plaintiff in the draft Letters for the Court's signature -- before discovery and a proper hearing -- go to the ultimate issues in the case and thus should not have been included by Plaintiff in the Letters.

Defendants also object to the inclusion in the Letters of a request for production of documents. In footnote 6 on page 10 of Plaintiff's reply memorandum in support of the motion for issuance of Letters of Request, Plaintiff said that the Letters of Request do not seek documents, and he "hereby withdraws that portion of the Letters of Request." Nevertheless, the actual Letters submitted by Plaintiff include requests for documents previously withdrawn. (See, e.g., Dkt. No. 124-1 at 10.)

In light of the foregoing, we wanted the Court to note defendants' objections and would welcome a telephonic conference with Your Honor to discuss the issues raised herein.

Respectfully submitted,

/s/ Kenneth L. Steinthal
Kenneth L. Steinthal

cc: All Counsel

6/6/14

With the exception of defendants' objection to the requests for production of documents, their objections are overruled. The requested testimony is relevant and likely to be admissible generally, and the factual and legal "statements" are a summary of the plaintiff's claims, not findings by the Court. Accordingly, the Letters of Request shall issue in their revised form. SO ORDERED.

James C. Francis IV
USMJ